Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/29/2018 08:10 AM CDT

State of Nebraska, appellee, v.
Coty J. Conn, appellant.
___ N.W.2d ___

Filed June 29, 2018.    No. S-17-721.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. The lower court's findings of fact will be upheld unless such findings are clearly erroneous.

2. **Limitations of Actions.** If the facts of a case are undisputed, the issue as to when the statute of limitations begin to run is a question of law.

3. **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

4. **Postconviction: Time: Appeal and Error.** Once the timeliness of a postconviction motion is challenged and a hearing is held on the issue, an inmate must raise all applicable timeliness arguments to the district court to preserve them for appellate review.

5. **Appeal and Error.** It is well established that an appellate court will not consider questions not presented to the district court.

6. **Limitations of Actions.** The doctrine of equitable tolling permits a court to excuse a party's failure to comply with the statute of limitations where, because of disability, irremediable lack of information, or other circumstances beyond his or her control, the plaintiff cannot be expected to file suit on time.

7. ____. Equitable tolling requires no fault on the part of the defendant. It does, however, require due diligence on the part of the claimant.

Appeal from the District Court for Douglas County: J. Michael Coffey, Judge. Affirmed.

Peder Bartling, of Bartling Law Offices, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, and PAPIK, JJ., and DAUGHERTY, District Judge.

STACY, J.

Coty J. Conn filed a motion seeking postconviction relief. The State responded with a motion to dismiss, arguing the motion was filed outside the 1-year limitations period under Neb. Rev. Stat. § 29-3001(4) (Reissue 2016). After conducting a hearing, the district court found the motion was time barred and granted the State's motion to dismiss. Conn filed this timely appeal.

## FACTS

In November 2011, as part of a plea agreement involving four cases, Conn pled no contest to one count of attempted assault on an officer and admitted he was a habitual criminal. On January 27, 2012, he was sentenced to 20 to 35 years' imprisonment, with the sentence to be served concurrently with identical sentences in the other three cases. Conn was represented by counsel at the time of the plea and sentencing. No direct appeal was filed.

On May 28, 2013, Conn filed the instant motion for postconviction relief. The motion, summarized, alleged trial counsel was ineffective for failing to file a direct appeal after Conn asked that he do so. The same day, Conn moved for appointment of postconviction counsel.

On February 4, 2013, the district court appointed counsel for Conn. Three days later, the State moved to dismiss Conn's postconviction motion, arguing it was filed outside the 1-year limitations period under § 29-3001(4). After a delay of several years that is not fully explained by the record, the court held a hearing on the State's motion. After the hearing, the district

court granted the State's motion to dismiss, finding Conn's postconviction motion was filed out of time. Conn filed this appeal, which we moved to our docket on our own motion.[1]

## ASSIGNMENT OF ERROR

Conn assigns that the district court erred in dismissing his postconviction motion as time barred pursuant to § 29-3001(4).

## STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[2] The lower court's findings of fact will be upheld unless such findings are clearly erroneous.[3]

[2] If the facts of a case are undisputed, the issue as to when the statute of limitations begin to run is a question of law.[4]

## ANALYSIS

Pursuant to § 29-3001(4), a 1-year limitations period applies to motions for postconviction relief. That period runs from the later of:

> (a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;

> (b) The date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence;

> (c) The date on which an impediment created by state action, in violation of the Constitution of the United

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Supp. 2017).

[2] *State v. Nolan*, 292 Neb. 118, 870 N.W.2d 806 (2015); *State v. Cook*, 290 Neb. 381, 860 N.W.2d 408 (2015).

[3] See *State v. Poindexter*, 277 Neb. 936, 766 N.W.2d 391 (2009).

[4] *State v. Shannon*, 293 Neb. 303, 876 N.W.2d 907 (2016).

States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action;

(d) The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review; or

(e) August 27, 2011.[5]

## Motion Was Not Timely Filed
### Under § 29-3001(4)(a)

Conn was sentenced on January 27, 2012. The 30-day appeal period expired on a Sunday, so he had until February 27 to file a direct appeal.[6] No appeal was filed. But Conn asks us to find that his conviction did not become final until May 28, 2012, making his postconviction motion filed 1 year later on May 28, 2013, timely. We address his rationale below, but note he preserved this argument for appellate review because he raised it before the district court at the hearing on the State's motion to dismiss, and he assigned and argued it in his brief to this court.

In arguing that his January 27, 2012, judgment did not become final until May 28, Conn relies in part on our opinion in *State v. Reeves*.[7] The relevant issue in *Reeves* was whether a new rule of constitutional criminal procedure applied to a case before us on postconviction. *Reeves* held that such rules are generally not applicable to "'those cases which have become final before the new rules are announced,'"[8] and then explained: "A conviction is final where the judgment of

---

[5] § 29-3001(4).

[6] See Neb. Rev. Stat. § 25-1912 (Reissue 2016) (appeals must be filed within 30 days after entry of judgment).

[7] *State v. Reeves*, 234 Neb. 711, 453 N.W.2d 359 (1990), *vacated* 498 U.S. 964, 111 S. Ct. 425, 112 L. Ed. 2d 409.

[8] *Id*. at 749, 453 N.W.2d at 383.

conviction was rendered, the availability of appeal exhausted, and the time for petition of certiorari has lapsed."[9]

The time to petition for certiorari is governed by rule 13 of the Rules of the Supreme Court of the United States. That rule provides that a petition for writ of certiorari is timely if filed within 90 days of the entry of final judgment.[10]

Conn relies on *Reeves*, rule 13, and § 25-1912 to argue his postconviction motion was timely filed. He reasons that his sentence was imposed on January 27, 2012, and his direct appeal date expired on February 27,[11] so he had until May 28, 2012, to petition for a writ of certiorari. Conn's postconviction motion was filed exactly 1 year later, on May 28, 2013.

Conn's briefing does not explain how, when no direct appeal was filed, there would be any basis for petitioning the U.S. Supreme Court for a writ of certiorari.[12] But regardless, in *State v. Huggins*,[13] we rejected the argument that the finality determination under § 29-3001(4)(a) must include an additional 90-day period so the time to petition for a writ of certiorari can lapse.

In *Huggins*, the defendant's direct appeal was denied by the Nebraska Court of Appeals. Huggins petitioned for further review, which this court denied. He did not thereafter petition for writ of certiorari, and the Court of Appeals issued its mandate on September 17, 2012. On November 27, 2013, he moved for postconviction relief. The State raised the 1-year limitations period in its response, and the district court found the postconviction motion was untimely, because the 1-year limitations period ran from the date the Court of Appeals issued its mandate. On appeal, the defendant argued the 1-year period did not begin to run until the expiration of

---

[9] *Id*. at 750, 453 N.W.2d at 383.

[10] Sup. Ct. R. 13(1).

[11] See § 25-1912.

[12] See, 28 U.S.C. § 1257(a) (2012); rule 13(1).

[13] *State v. Huggins*, 291 Neb. 443, 866 N.W.2d 80 (2015).

the 90-day period in which he could have petitioned for a writ of certiorari. He relied on *State v. Lotter*[14] which, like *Reeves*, addressed whether a new rule of constitutional criminal procedure could apply to a case on collateral review. In that context, *Lotter* stated, "A criminal conviction is final for purposes of collateral review when the judgment of conviction is rendered, the availability of appeal is exhausted, and the time for petition for certiorari has lapsed."[15]

*Huggins* rejected the inmate's argument. It reasoned the plain language of § 29-3001(4)(a) referenced the "conclusion of a direct appeal," and that meant the date the Court of Appeals issued its mandate. To the extent *Lotter* referenced the 90-day certiorari period, *Huggins* distinguished *Lotter* by noting § 29-3001(4) did not exist at the time *Lotter* was decided, and thus the description in *Lotter* of a final conviction could not be considered a comment on the meaning of the language of § 29-3001(4).

A similar rationale applies here, where the facts presented require that we interpret the statutory reference in § 29-3001(4)(a) to "the expiration of the time for filing a direct appeal." Section 25-1912(1) explicitly provides that appeals must be filed "within thirty days after the entry" of the judgment, decree, or final order. The expiration of Conn's "time for filing a direct appeal" under the plain language of § 29-3001(4)(a) was therefore 30 days after the date of sentencing on January 27, 2012. To the extent Conn relies on *Reeves* and *Lotter* to suggest that a 90-day period for filing a writ of certiorari should be included in the calculation under § 29-3001(4)(a), neither case dictates such a result. *Reeves* and *Lotter* were decided at a time when the limitations period in § 29-3001(4)(a) did not exist, and because both cases referred to final convictions in the context of a retroactivity

---

[14] *State v. Lotter*, 266 Neb. 245, 664 N.W.2d 892 (2003) (superseded in part by statute as stated in *State v. Harris*, 292 Neb. 186, 871 N.W.2d 762 (2015)).

[15] *Id*. at 254, 664 N.W.2d at 903.

analysis, and not in the context of interpreting § 29-3001(4), they do not provide support for Conn's contention. Further, because Conn did not appeal from the judgment of conviction and sentence, there is no decision by the highest court of the State on which to premise a petition for writ of certiorari in the first instance.[16]

[3] Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[17] Based on the plain language of §§ 25-1912 and 29-3001(4)(a), the 1-year limitations period began to run on February 27, 2012. The district court correctly found Conn's postconviction motion, filed May 28, 2013, was outside this period and thus time barred by § 29-3001(4)(a).

## Timeliness Under § 29-3001(4)(b)
### Not Preserved

Conn's postconviction motion did not allege any basis other than § 29-3001(4)(a) in asserting the motion was timely. Nor did he argue any other basis to the district court at the hearing on the motion to dismiss. But in his brief on appeal, Conn assigns and argues that his motion was also timely under § 29-3001(4)(b). He contends he filed the motion within 1 year of discovering his trial counsel had not filed the direct appeal as instructed, and thus claims he filed the motion within 1 year of the "date on which the factual predicate of the constitutional claim or claims" was "discovered through the exercise of due diligence."[18]

The State argues this assignment has not been preserved for appellate review because, among other reasons, Conn did not

---

[16] See 28 U.S.C. § 1257(a) (under certain circumstances, "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari").

[17] *Fetherkile v. Fetherkile*, 299 Neb. 76, 907 N.W.2d 705 (2018).

[18] § 29-3001(4)(b).

argue timeliness under § 29-3001(4)(b) when defending against the motion to dismiss. We agree.

[4,5] The record demonstrates that Conn did not present an argument based on § 29-3001(4)(b) to the district court in response to the State's motion to dismiss. Once the timeliness of his postconviction motion was challenged and a hearing was held on the issue, Conn had to raise all applicable arguments to the district court if he wanted to preserve them for appellate review. It is well established that an appellate court will not consider questions not presented to the district court.[19] Because the applicability of § 29-3001(4)(b) was not raised to the district court, it has not been preserved for appellate review.

## No Equitable Tolling

Conn argues the doctrine of equitable tolling should apply to overcome any finding that his postconviction motion was not timely filed. His postconviction motion did not expressly use the term "equitable tolling," but it did allege that he asked his trial counsel to file an appeal after the sentencing hearing and then asked "at least two more times," but "was told that he wasn't able to appeal, and that he could only appeal the sentence." Conn raised this argument, which he now frames as one of equitable tolling, to the postconviction court in response to the State's motion to dismiss.

[6,7] The doctrine of equitable tolling permits a court to excuse a party's failure to comply with the statute of limitations where, because of disability, irremediable lack of information, or other circumstances beyond his or her control, the plaintiff cannot be expected to file suit on time.[20] Equitable tolling requires no fault on the part of the defendant.[21] It does, however, require due diligence on the part of the claimant.[22]

---

[19] See *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015).

[20] *In re Estate of Fuchs*, 297 Neb. 667, 900 N.W.2d 896 (2017).

[21] *Id.*

[22] *Id.*

Nebraska has considered the principle that a statute of limitations can be equitably tolled.[23] But all of our cases applying the doctrine have involved situations where a claimant was prevented from bringing a timely claim due to the alleged actions of a court or governmental entity.[24] In that regard, we observe that a similar principle is already found in the statutory tolling language of § 29-3001(4)(c). Consequently, it is difficult to conceive of a circumstance outside § 29-3001(4)(c) that would support application of the equitable tolling doctrine in a postconviction motion.

In *State v. Huggins*,[25] this court acknowledged that the U.S. Supreme Court has applied equitable tolling in federal habeas actions if the prisoner shows (1) he or she has been pursuing his or her rights diligently and (2) some extraordinary circumstance stood in the way and prevented timely filing of a petition.[26] But *Huggins* declined to decide whether equitable tolling applies to the postconviction limitations period under § 29-3001(4). This court in *Huggins* reasoned that because the prisoner was claiming equitable tolling applied only with respect to the time period he was in federal (not state) custody, and because that time period did not encompass the entire 1-year limitations period of § 29-3001(4), the circumstances of the case would not support equitable tolling even if the principle applied.

Here, Conn argues equitable tolling applies because his postconviction motion alleged that he "requested, on three (3) occasions, that trial counsel file a direct appeal of the District Court's January 27, 2012, sentence; and, trial counsel failed to do so."[27] He argues that he "acted reasonably" when

---

[23] See *id.*

[24] *Id.*

[25] *Huggins, supra* note 13.

[26] *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010).

[27] Brief for appellant at 11.

he believed that instructing his counsel to file an appeal was "tantamount to trial counsel filing such an appeal."[28] He contends that his lack of legal training, his imprisonment, and his detrimental reliance on the instruction he gave to trial counsel all prevented him from filing his postconviction motion until May 28, 2013.

Even assuming these allegations are true, they do not satisfy the tolling provisions of § 29-3001(4)(c). And the allegations would not support equitable tolling even if the principle applied. Thus, as in *Huggins*, this case does not require us to decide whether the doctrine of equitable tolling could ever apply to § 29-3001(4), because the doctrine is unsupported on the facts presented.

### APPOINTMENT OF POSTCONVICTION COUNSEL

Conn also argues the postconviction court implicitly found his postconviction motion was timely filed when it granted his motion to appoint counsel to represent him in the postconviction action. The motion appointing counsel was granted before the State responded to Conn's motion and raised the affirmative defense that it was barred by the limitations period of § 29-3001(4). Moreover, there is no correlation between a court's appointment of postconviction counsel and a finding that the motion was timely filed. This argument is without merit.

### CONCLUSION

For the foregoing reasons, the files and records affirmatively show that Conn's postconviction motion was time barred, and the judgment of the district court dismissing the motion is affirmed.

AFFIRMED.

---

[28] *Id*. at 12.