Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/18/2022 08:09 AM CDT

State of Nebraska, appellee,
v. Teon D. Hill, appellant.
___ N.W.2d ___

Filed December 23, 2021.    No. S-21-369.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.
2. **Postconviction: Judgments: Appeal and Error.** Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which is reviewed independently of the lower court's ruling.
3. **Postconviction: Pleadings: Time.** The Nebraska Postconviction Act contains a 1-year time limit for filing a verified motion for postconviction relief, which runs from one of four triggering events or August 27, 2011, whichever is later.
4. **Postconviction: Limitations of Actions: Words and Phrases: Appeal and Error.** The issuance of a mandate by a Nebraska appellate court is a definitive determination of the "conclusion of a direct appeal," and the "date the judgment of conviction became final," for purposes of Neb. Rev. Stat. § 29-3001(4)(a) (Reissue 2016).
5. **Postconviction.** In Nebraska, postconviction relief is strictly prescribed.
6. **Postconviction: Legislature: Intent.** A postconviction proceeding is one the Legislature intended to be limited in scope and summary in nature.
7. **Postconviction: Motions for New Trial: Evidence: Collateral Attack: Final Orders.** A postconviction proceeding and a motion for new trial based on newly discovered evidence are both collateral attacks on a final criminal judgment.
8. **Limitations of Actions.** The doctrine of equitable tolling permits a court to excuse a party's failure to comply with the statute of limitations where, because of disability, irremediable lack of information, or

other circumstances beyond his or her control, the plaintiff cannot be expected to file suit on time.

9. ____. Equitable tolling requires due diligence on the part of the claimant.

Appeal from the District Court for Douglas County: Kimberly Miller Pankonin, Judge. Affirmed.

Gregory A. Pivovar for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ., and Nelson, District Judge.

Cassel, J.

## INTRODUCTION

Over 3 years after Teon D. Hill's direct appeal concluded, he moved for postconviction relief. The district court denied the motion as untimely filed. On appeal, Hill contends that the 1-year limitation period[1] for filing a postconviction motion should be tolled during the pendency of a different collateral attack on the judgment. Because § 29-3001(4) does not provide for tolling under the circumstances and Hill was not entirely prevented from filing his motion during the 1-year period, we affirm the district court's order.

## BACKGROUND

In 2014, the State charged Hill with several crimes, including murder in the first degree. A jury convicted Hill of all but one charge, and the court accepted the jury's verdict on February 24, 2016. The district court subsequently imposed sentences, including life imprisonment for the murder conviction.

Through counsel different from trial counsel, Hill filed a direct appeal. He challenged the overruling of several motions, statements made by the prosecutor in rebuttal closing arguments, and whether he received ineffective assistance of

---

[1] See Neb. Rev. Stat. § 29-3001(4) (Reissue 2016).

trial counsel. We affirmed the judgments and convictions, and our mandate issued on February 6, 2018.

On January 16, 2019, Hill filed a pro se motion for new trial based on what he characterized as newly discovered evidence and a claim of actual innocence. On May 14, 2020, the district court denied the motion due to the lack of newly discovered evidence presented in the motion. Hill appealed. On February 26, 2021, we affirmed the district court's order which dismissed the motion for new trial without an evidentiary hearing. Our mandate issued on March 12.

On April 1, 2021, Hill, through counsel, filed a verified motion for postconviction relief. He alleged that he received ineffective assistance of counsel. Hill's motion contained a procedural background section which set forth the various dates of filings, dispositions, and mandates, but he did not mention tolling or the timeliness of his motion. Fifteen days later and without an evidentiary hearing, the district court entered an order denying postconviction relief. The court determined that the motion was barred by the limitation period under § 29-3001(4).

Hill filed a timely appeal.

## ASSIGNMENT OF ERROR

Hill assigns that the court erred in dismissing his motion for postconviction relief based on the running of the limitations period under § 29-3001(4). He contends that the limitations period was tolled by the filing of his motion for new trial and that if not actually tolled, it should be equitably tolled.

## STANDARD OF REVIEW

[1,2] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[2]

---

[2] *State v. Mata*, 304 Neb. 326, 934 N.W.2d 475 (2019).

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which is reviewed independently of the lower court's ruling.[3]

## ANALYSIS

[3] The Nebraska Postconviction Act contains a 1-year time limit for filing a verified motion for postconviction relief, which runs from one of four triggering events or August 27, 2011, whichever is later.[4] The triggering event here is contained in § 29-3001(4)(a): "The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal."

[4] The issuance of a mandate by a Nebraska appellate court is a definitive determination of the "conclusion of a direct appeal," and the "date the judgment of conviction became final," for purposes of § 29-3001(4)(a).[5] Hill's direct appeal concluded when our mandate issued on February 6, 2018. His motion for postconviction relief—filed on April 1, 2021—was filed outside the 1-year limitation period.

In an attempt to escape the time bar, Hill now advances two tolling arguments. He did not clearly raise these arguments in the district court. To the extent that the timeline set forth in the procedural background section of Hill's motion for postconviction relief was sufficient to preserve the issue for appellate review, neither of his arguments has merit.

First, Hill contends that the limitations period was tolled by the filing of his motion for new trial and subsequent disposition of that motion. His argument rests on the 21 days remaining in the limitations period under § 29-3001(4) at the time he filed his motion for new trial. Hill maintains that upon the issuance of our mandate in 2021 concerning his motion for new trial, he should have 21 days to file his motion for

---

[3] *Id.*

[4] *State v. Edwards*, 301 Neb. 579, 919 N.W.2d 530 (2018).

[5] *State v. Koch*, 304 Neb. 133, 933 N.W.2d 585 (2019).

postconviction relief based upon tolling. And he points out that he filed his motion for postconviction relief on the 20th day following our mandate. But Hill cites no authority supporting his request.

[5,6] In Nebraska, postconviction relief is strictly prescribed.[6] We have characterized it as "a special statutory proceeding that permits collateral attack upon a criminal judgment"[7] and as "a very narrow category of relief, available only to remedy prejudicial constitutional violations."[8] The postconviction proceeding is one "the Legislature intended to be limited in scope and summary in nature."[9] And because the U.S. Supreme Court[10] and this court[11] have recognized that states have no obligation to provide postconviction relief proceedings, any right to such relief is not grounded in the federal or state Constitution.

[7] A postconviction proceeding and a motion for new trial based on newly discovered evidence are both collateral attacks on a final criminal judgment.[12] But the Nebraska Postconviction Act is the primary procedure for bringing collateral attacks on final judgments in criminal cases based upon constitutional principles.[13] If a defendant has a collateral attack that could be asserted under the act, that act is his or her sole remedy.[14]

The Legislature has not provided for the tolling of the limitation period under § 29-3001(4). Extending the limitation period until resolution of a different collateral attack on

---

[6] *State v. Lotter*, 278 Neb. 466, 771 N.W.2d 551 (2009).

[7] *State v. Robertson*, 294 Neb. 29, 41, 881 N.W.2d 864, 875 (2016).

[8] *Id.* at 43, 881 N.W.2d at 876.

[9] *Id.*

[10] See *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987).

[11] See, *State v. Lotter, supra* note 6; *State v. Victor*, 242 Neb. 306, 494 N.W.2d 565 (1993).

[12] See *State v. Harris*, 307 Neb. 237, 948 N.W.2d 736 (2020).

[13] *State v. Smith*, 288 Neb. 797, 851 N.W.2d 665 (2014).

[14] *Id.*

a final judgment is inconsistent with the statutory language of
§ 29-3001(4) and with the summary nature of a postconvic-
tion proceeding. Just as we said with respect to recognizing a
common-law remedy for the purpose of asserting time-barred
postconviction claims, if we allowed the time to be tolled for
other collateral attacks "we would be undermining the purpose
of the Legislature in enacting § 29-3001(4)."[15]

[8,9] Second, and alternatively, Hill argues that the limita-
tions period should be equitably tolled under the circumstances.
The doctrine of equitable tolling permits a court to excuse a
party's failure to comply with the statute of limitations where,
because of disability, irremediable lack of information, or other
circumstances beyond his or her control, the plaintiff cannot be
expected to file suit on time.[16] Equitable tolling requires due
diligence on the part of the claimant.[17]

Our cases applying the equitable tolling doctrine have
involved situations where a claimant was prevented from bring-
ing a timely claim due to the alleged actions of a court or gov-
ernmental entity.[18] Thus, we have stated that "it is difficult to
conceive of a circumstance outside § 29-3001(4)(c) that would
support application of the equitable tolling doctrine in a post-
conviction motion."[19]

We have not yet determined whether equitable tolling applies
to postconviction proceedings under § 29-3001,[20] and we need
not do so here. At the time Hill chose to file his motion for
new trial, nothing prevented him from filing his motion for
postconviction relief. We have stated that "a prisoner is not
deprived of the opportunity to bring a postconviction action if

---

[15] *Id.* at 803, 851 N.W.2d at 670.

[16] *State v. Mata, supra* note 2.

[17] See *State v. Conn*, 300 Neb. 391, 914 N.W.2d 440 (2018).

[18] See *id.*

[19] *Id.* at 399, 914 N.W.2d at 446.

[20] See *State v. Mata, supra* note 2.

there is some time within the period of the 1-year limitation that the prisoner could have filed a postconviction action."[21] Hill provides no explanation for his failure to file for postconviction relief in the 344 days between the issuance of our mandate concluding his direct appeal and the filing of his motion for new trial. Even if the doctrine of equitable tolling could apply in a postconviction proceeding, the circumstances here do not support its application.

## CONCLUSION

Because Hill did not file his motion for postconviction relief within the limitation period of § 29-3001(4) and he could have done so, we affirm the order of the district court.

Affirmed.

Freudenberg, J., not participating.

---

[21] *State v. Huggins*, 291 Neb. 443, 453, 866 N.W.2d 80, 87 (2015).