IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SCOVILLE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DUSTIN A. SCOVILLE, APPELLANT.

Filed August 9, 2022.    No. A-21-908.

Appeal from the District Court for Kearney County: TERRI S. HARDER, Judge. Affirmed.

Dustin A. Scoville, pro se.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

MOORE, RIEDMANN, and WELCH, Judges.

MOORE, Judge.

INTRODUCTION

Dustin A. Scoville appeals from an order of the district court for Kearney County, Nebraska, denying his petition for writ of error coram nobis and/or postconviction relief. For the reasons set forth below, we affirm.

STATEMENT OF FACTS

In 2011, the State charged Scoville with child abuse resulting in death in violation of Neb. Rev. Stat. § 28-707(6) (Cum. Supp. 2010), a Class IB felony. Subsequently, Scoville pled no contest to an amended information charging him with attempted child abuse resulting in death, a Class II felony. See Neb. Rev. Stat. § 28-201(4)(a) (Cum. Supp. 2010); § 28-707. The district court accepted Scoville's plea and found him guilty. The court later sentenced Scoville to 49 to 50 years in prison. Scoville appealed, alleging that the court erred in imposing an excessive sentence. He also assigned error to a discovery ruling made by the court. This court affirmed via memorandum

- 1 -

opinion, and mandate was issued on March 27, 2012. See *State v. Scoville*, 19 Neb. App. xxvii (No. A-11-874, Feb. 21, 2012).

On September 27, 2021, Scoville filed a verified motion for petition for writ of error coram nobis and/or postconviction relief. He alleged that his trial and appellate counsel were ineffective with respect to legislative changes made to the child abuse and sentencing statutes in 2012 and 2015. He also claimed that his counsel was ineffective for informing him, in a letter dated April 5, 2012, that all of his remedies for relief from his conviction and sentence were exhausted.

Also on September 27, 2021, the district court entered an order, giving the State 30 days to file a written response to Scoville's motion. The court entered a further order on October 5, setting forth more specifically what the court expected from the State in terms of its response. The State filed its response to Scoville's motion on October 27.

On October 27, 2021, the district court entered an order, denying Scoville's request for a writ of error coram nobis and/or postconviction relief without further hearing. The court found that Scoville's motion for postconviction relief was time barred. The court did not specifically address Scoville's request for a writ of error coram nobis beyond stating that Scoville's motion requested both coram nobis and postconviction relief and stating that it was denying Scoville's motion. The court also denied Scoville's request for appointment of counsel.

Scoville now appeals.

ASSIGNMENTS OF ERROR

Scoville asserts, reordered and restated, that the district court erred in (1) denying his motion without allowing him to respond to the State's responsive pleading and (2) failing to grant his motion on the basis of the requested writ of error coram nobis relief.

STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Cullen*, 311 Neb. 383, 972 N.W.2d 391 (2022). Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which is reviewed independently of the lower court's ruling. *State v. Hill*, 310 Neb. 647, 968 N.W.2d 96 (2021).

If the facts in a case are undisputed, the issue as to when the statute of limitations begins to run is a question of law. *State v. Koch*, 304 Neb. 133, 933 N.W.2d 585 (2019). When reviewing a question of law, an appellate court resolves the question independently of the lower court's conclusion. *Id.*

The findings of the district court in connection with its ruling on a motion for a writ of error coram nobis will not be disturbed unless they are clearly erroneous. *State v. Hessler*, 295 Neb. 70, 886 N.W.2d 280 (2016).

ANALYSIS

*Responsive Pleading.*

Scoville asserts that the district court erred in denying his motion without allowing him to respond to the State's responsive pleading. Scoville argues that the court erred when it issued an

order directing the State to respond to his motion and "issued its own order (on the same day [as the State's response was filed]), devoid of allowing [Scoville] the opportunity to refute, challenge, or otherwise, submit and file a responsive pleading." Brief for appellant at 9.

We find no error in this regard. Postconviction relief under Neb. Rev. Stat. § 29-3001 (Reissue 2016) is a very narrow category of relief and such actions have their own pleading requirements. See *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016) (extending civil pleading rules to postconviction proceedings is unnecessary); *State v. Manning*, 18 Neb. App. 545, 789 N.W.2d 54 (2010). And, as discussed further below, Scoville did not plead facts entitling him to coram nobis relief. He does not point to any additional facts or claims which he might have set forth in such a responsive pleading or present arguments that would have successfully refuted the points made by the State in its responsive pleading. This assignment of error fails.

*Coram Nobis Relief.*

Scoville asserts that the district court erred in failing to grant his motion on the basis of the requested writ of error coram nobis relief. The purpose of the writ of error coram nobis is to bring before the court rendering judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition. *State v. Hessler, supra*. The writ reaches only matters of fact unknown to the applicant at the time of judgment, not discoverable through reasonable diligence, and which are of a nature that, if known by the court, would have prevented entry of judgment. *Id.* The writ is not available to correct errors of law. *Id.* Claims of errors or misconduct at trial and ineffective assistance of counsel are inappropriate for coram nobis relief. *Id*. The burden of proof in a proceeding to obtain a writ of error coram nobis is upon the applicant claiming the error, and the alleged error of fact must be such as would have prevented a conviction. *Id.* It is not enough to show that it might have caused a different result. *Id.*

The primary contention of Scoville's motion and of his appeal to this court is that he was entitled to relief based on a change in the classification of child abuse crimes for purposes of sentencing due to the enactment of 2012 Neb. Laws, L.B. 799. He observes that where a criminal statute is amended by mitigating the punishment, after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature has specifically provided otherwise. *State v. Huston*, 298 Neb. 323, 903 N.W.2d 907 (2017). And, if a defendant appeals his or her sentence, then the sentence is not a final judgment until the entry of a final mandate. *State v. Duncan*, 291 Neb. 1003, 870 N.W.2d 422 (2015).

Contrary to Scoville's assertions, the changes brought about by L.B. 799 did not change the penalty of the crime for which he was convicted. Scoville was convicted of attempted intentional child abuse resulting in death, a Class II felony. See § 28-707(6) (Cum. Supp. 2010); § 28-201(4)(a) (Cum. Supp. 2010). Among other things, L.B. 799 added to § 29-707 a new subsection (5) for negligent child abuse resulting in serious bodily injury (a Class IIIA felony) and a new subsection (6) for negligent child abuse resulting in death (a Class III felony), as well as a new subsection (9) defining "negligently." See § 28-707(5), (6), (9) (Cum. Supp. 2012). The changes of L.B. 799 moved the former subsection (5) for intentional child abuse resulting in serious bodily injury (a Class II felony) and the former subsection (6) for intentional child abuse resulting in death (a Class IB felony) to new subsections (7) and (8). Compare §§ 28-707 (5) and (6) (Cum. Supp. 2010) with §§ 28-707 (7) and (8) (Cum. Supp. 2012). Criminal attempt of a

Class IB felony remained a Class II felony both before and after L.B. 799. Compare § 28-201(4)(a) (Cum. Supp. 2010) with § 28-201(4)(a) (Cum. Supp. 2012). Additionally, L.B. 799 did not become effective until July 19, 2012, more than 3 months after this court's mandate issued in Scoville's direct appeal and his judgment was final.

Even if Scoville's assertions about the effects of L.B. 799 were not incorrect, the claims he raised in his motion are claims of ineffective assistance of counsel. Such claims are inappropriate for coram nobis relief. And, his motion does not raise any factual assertions unknown to him at the time of judgment, not discoverable through reasonable diligence, and which are of a nature that, if known by the court, would have prevented entry of judgment. In his brief, Scoville references the fact that he is not an attorney, however, a pro se party is held to the same standards as one who is represented by counsel. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022). The district court did not err in not addressing Scoville's claims for coram nobis relief more specifically in its order or in refusing to grant a further hearing on the motion on the basis of the request for coram nobis relief.

Scoville does not assign error to the district court's denial of his motion on the basis of the requested postconviction relief, and he acknowledges in his brief that postconviction relief was not available to him for the claims raised in his motion. Accordingly, we do not address that portion of the court's ruling further. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *State v. Brown*, 310 Neb. 318, 965 N.W.2d 388 (2021).

CONCLUSION

For the reasons set forth above, we affirm the decision of the trial court denying Scoville's petition for writ of error coram nobis and/or postconviction relief and refusing to grant evidentiary hearings on his petition on either basis.

AFFIRMED.