Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/30/2025 09:07 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
AUBREY C. TRAIL, APPELLANT.

___ N.W.3d ___

Filed May 30, 2025.    No. S-24-484.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

2. **Postconviction: Limitations of Actions: Pleadings.** If the facts in a case are undisputed, the issue as to when the 1-year time limit for filing a verified motion for postconviction relief begins to run is a question of law.

3. **Constitutional Law: Due Process.** The determination of whether the procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law.

4. **Postconviction: Limitations of Actions: Pleadings.** The Nebraska Postconviction Act contains a 1-year time limit for filing verified motions.

5. **Postconviction: Limitations of Actions: Sentences: Death Penalty.** The 1-year limitation period set out in Neb. Rev. Stat. § 29-3001(4) (Cum. Supp. 2024) governs all postconviction motions, including successive motions and those challenging a death sentence.

6. **Postconviction: Limitations of Actions: Records: Appeal and Error.** An appellate court looks to the allegations of the verified postconviction motion and the files and records of the case to determine which of the triggering events applies to a determination of timeliness under Neb. Rev. Stat. § 29-3001(4) (Cum. Supp. 2024).

7. **Postconviction.** States are not obligated to provide a postconviction relief procedure.

8. ____. Under the Nebraska Postconviction Act, the district court has discretion to adopt reasonable procedures for determining what the motion

and the files and records show, and whether any substantial issues are raised, before granting a full evidentiary hearing.

9. **Postconviction: Limitations of Actions: Dismissal and Nonsuit: Appeal and Error.** District courts have discretion to provide the parties an opportunity to present their positions before acting sua sponte to dismiss a postconviction motion as time barred, and an appellate court will examine such procedures for an abuse of discretion.

10. **Judges: Words and Phrases.** An abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.

11. **Postconviction: Appeal and Error.** An appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief.

12. **Postconviction: Limitations of Actions: Proof.** To satisfy the tolling provision of Neb. Rev. Stat. § 29-3001(4)(c) (Cum. Supp. 2024), a prisoner must show there was (1) an impediment created by state action, (2) which amounted to a violation of the federal or state Constitution or a state law, and (3) as a result, the prisoner was prevented from filing a verified motion. If all these factors are satisfied, the 1-year limitation period will begin to run on the date the impediment was removed.

Appeal from the District Court for Saline County: David J. A. Bargen, Judge. Affirmed.

Laurence E. Komp, Chief Federal Public Defender for the Western District of Missouri, and Megan R. Kielty for appellant.

Michael T. Hilgers, Attorney General, and Stacy M. Foust for appellee.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, and Freudenberg, JJ., and Volkmer, District Judge.

Cassel, J.

## INTRODUCTION

Aubrey C. Trail moved for postconviction relief nearly 14 months after the conclusion of his direct appeal, and the district court denied the motion without a hearing as untimely

under Neb. Rev. Stat. § 29-3001(4)(a) (Cum. Supp. 2024). Trail now argues it was timely under § 29-3001(4)(c). But because Trail failed to raise his timeliness arguments to the district court even after the State made timeliness an issue and because those arguments would lack merit even if properly raised, we affirm.

## BACKGROUND

### Trial and Direct Appeal

Prior to trial, Trail pled no contest to improper disposal of human skeletal remains. A jury subsequently found Trail guilty of murder in the first degree and criminal conspiracy to commit first degree murder. A three-judge panel sentenced Trail to death for first degree murder.

Through trial counsel, Trail filed a direct appeal. We reaffirmed the constitutionality of Nebraska's death penalty statutes, found Trail's sentence of death was not excessive or disproportionate, and found no merit to Trail's other assignments of error.[1]

If a party intends to prosecute proceedings to the U.S. Supreme Court and desires an order staying the mandate, the party must apply for a stay within 7 days from the release of the opinion or other dispositive entry or file the application with a motion for rehearing.[2] Trail did not apply for a stay. Nor did Trail file a motion for rehearing within 10 days after the release of the opinion.[3]

### Postappellate Decision Filings

Nineteen days after release of our decision, Trail's counsel and that counsel's law firm filed a motion to withdraw. According to the motion, Trail called and wrote counsel to request that withdrawal. The motion further stated, "Because

---

[1] *State v. Trail*, 312 Neb. 843, 981 N.W.2d 269 (2022).

[2] Neb. Ct. R. App. P. § 2-114(A)(2) (rev. 2022).

[3] See Neb. Ct. R. App. P. § 2-113(A) (rev. 2022).

the undersigned counsels' representation has effectively ended with the decision of the Nebraska Supreme Court and in light of [Trail's] request, withdrawal can be accomplished without material adverse effect on the interests of [Trail]." We sustained the motion.

Days later, Trail sent a letter to the clerk of this court requesting appointment of postconviction counsel. We overruled the motion without prejudice to a filing in the trial court.

On December 16, 2022, our mandate issued.

In a letter filed in the district court for Saline County on January 3, 2023, Trail requested the appointment of counsel for postconviction proceedings. In a January 19 order, the court directed Trail to file, within 21 days, a certified copy of his institutional account statement for the past 6 months. Because a prison official informed Trail that he would need to communicate with "central office accounting in Lincoln" for a 6-month report, Trail requested and received from the court additional time to provide the information.

The deadline to file a petition for a writ of certiorari with the U.S. Supreme Court was February 8, 2023.[4] Trail did not do so.

On February 21, 2023, the district court appointed postconviction counsel. Six months later, on August 24, counsel moved to withdraw because his new employment created an actual conflict of interest. On September 8, the court sustained the motion to withdraw and appointed replacement counsel.

On November 2 and 8, 2023, Trail filed ex parte motions seeking authorization of funds for a mitigation specialist. The State objected to the request and asked for a hearing. Trail moved to overrule the State's objection. The court held a hearing on these filings on November 30. Trail's counsel stated that a mitigation specialist was needed to investigate claims and collect evidence in anticipation of an evidentiary hearing. The State pointed out that Trail had not yet filed a motion for

---

[4] See Sup. Ct. R. 13(1).

postconviction relief. The court asked counsel for briefing on the matter, and in the context of determining a due date, Trail's counsel asserted that "the deadline for the postconviction motion is actually December 19th."

On December 15, 2023, the court overruled Trail's requests and sustained the State's objection. It did so because "no postconviction relief proceeding ha[d] been initiated."

## POSTCONVICTION PROCEEDINGS

On February 14, 2024, Trail filed a 78-page verified motion for postconviction relief. It contained no specific allegations of timeliness. In a section entitled "Procedural History," it set forth numerous dates from the filing of the information in July 2018 to the overruling in December 2023 of his request for mitigation specialist funding. Among the dates were those concerning appellate counsel's motion to withdraw, Trail's requests for postconviction counsel, postconviction counsel's subsequent motion to withdraw, and the appointment of replacement postconviction counsel. Trail alleged that when this court allowed his appellate counsel to withdraw, on December 2, 2022, it left him without counsel "at a critical moment."

Trail's motion primarily contained allegations of ineffective assistance of counsel. It also alleged that his death sentence constituted cruel and unusual punishment and that the State failed to disclose material and exculpatory evidence.

On May 6, 2024, the State filed a response to the postconviction motion. The State asserted that the motion should be denied without an evidentiary hearing for numerous reasons, including that it was time barred because "[n]one of the subsections of . . . § 29-3001(4) apply to make [the motion] timely."

On May 29, 2024, the court entered an order denying Trail's motion as time barred. As to timeliness and referring to the court's entire record, the court stated that there was no evidence that any subsection other than § 29-3001(4)(a) applied.

The court found Trail's failure to file his motion within the time limitation of § 29-3001(4) to be dispositive. Subsequently, no motion to alter or amend or motion seeking reconsideration was filed.

Instead, on June 27, 2024, Trail filed an "offer of proof to make a record of [his] response to the State's . . . reply." He first set forth a timeline of filings from November 10, 2022, to May 29, 2024. Then he asserted reasons to support his belief that his motion was timely: (1) This court allowed Trail to be abandoned by counsel before the mandate issued and before the time to file a petition for a writ of certiorari had expired; (2) Trail promptly filed two requests for the assistance of counsel on further appeal and postconviction proceedings but no such request was granted until February 21, 2023; (3) Trail was left without counsel from August 4 to September 8 due to his attorney's conflict of interest; and (4) Trail's current counsel, appointed September 8, had a voluminous record to review without the assistance of a mitigation specialist.

Trail suggested that the court should "exclude" certain time periods from the calculation of the 1-year limitation period. He asserted that 65 days between this court's mandate and the order appointing counsel should be excluded, making the deadline to file February 21, 2024, at the earliest. Trail proposed an exclusion of 20 days from August 4, when prior counsel became burdened with an actual conflict of interest, to August 24, when counsel moved to withdraw. And Trail contended that 15 days between August 24, when prior counsel moved to withdraw, and September 8, when the court appointed different counsel, should be excluded. Trail asserted that his motion for postconviction relief was timely filed under § 29-3001(4)(c) "[i]n light of the abandonment of counsel at a critical stage of [his] direct appeal and the 100 days during which he was left effectively without counsel, despite his repeated pleas that counsel be appointed for purposes of postconviction proceedings."

Seventy minutes after Trail filed the offer of proof, he filed the instant appeal.

## ASSIGNMENTS OF ERROR

Trail assigns that the district court erred by (1) denying his motion for postconviction relief as time barred and (2) denying the motion in violation of his due process rights.

## STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[5]

[2] If the facts in a case are undisputed, the issue as to when the 1-year time limit for filing a verified motion for postconviction relief begins to run is a question of law.[6]

[3] The determination of whether the procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law.[7]

## ANALYSIS

Trail's two assignments of error are related. He contends that the district court erred in denying his motion as time barred and in doing so without giving him an opportunity to be heard. We start with a discussion of the time limitation for filing a motion for postconviction relief. Then, we consider whether Trail raised any of his tolling arguments to the district court and whether the district court abused its discretion when it reviewed and dismissed Trail's motion without seeking a reply to the State's response.

---

[5] *State v. Torres*, 300 Neb. 694, 915 N.W.2d 596 (2018).

[6] See *id.*

[7] *State v. Lotter*, 278 Neb. 466, 771 N.W.2d 551 (2009).

### Time Limitation

[4,5] The Nebraska Postconviction Act contains a 1-year time limit for filing verified motions.[8] The 1-year limitation period set out in § 29-3001(4) governs all postconviction motions, including successive motions and those challenging a death sentence.[9] The period runs from one of five triggering events, whichever is later.[10]

[6] An appellate court looks to the allegations of the verified postconviction motion and the files and records of the case to determine which of the triggering events applies to a determination of timeliness under § 29-3001(4).[11] We see nothing implicating the triggering events described in § 29-3001(4)(b), (d), or (e). Of the two other triggering events, each party relies upon a different one.

The State asserted, and the district court agreed, that § 29-3001(4)(a) applied. The triggering event there is "[t]he date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal."[12] Pursuant to § 29-3001(4)(a), the last day for Trail to file his motion was December 16, 2023.

But Trail contends that his motion was timely because § 29-3001(4)(c) extended the time for filing. Under § 29-3001(4)(c), the 1-year period begins running on "[t]he date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action."

We turn to the State's contention that tolling was not raised to the district court and Trail's argument that he was not afforded an opportunity to be heard.

---

[8] *State v. Torres, supra* note 5.

[9] *State v. Lotter*, 311 Neb. 878, 976 N.W.2d 721 (2022).

[10] § 29-3001(4).

[11] *State v. Torres, supra* note 5.

[12] § 29-3001(4)(a).

### Preservation of and Opportunity to
### Present Timeliness Argument

[7,8] States are not obligated to provide a postconviction relief procedure.[13] Under the Nebraska Postconviction Act, the district court has discretion to adopt reasonable procedures for determining what the motion and the files and records show, and whether any substantial issues are raised, before granting a full evidentiary hearing.[14]

Trail argues that his postconviction motion was timely under § 29-3001(4)(c) because he was abandoned by counsel and because equitable tolling applies to capital cases. The State counters that Trail failed to preserve his timeliness arguments by not raising them to the district court. But Trail contends that he had no opportunity to present such arguments and that the district court violated his right to due process when it denied his motion as time barred without giving him an opportunity to be heard.

[9,10] We have previously rejected a similar due process argument. In *State v. Torres*,[15] a prisoner sentenced to death filed a successive motion for postconviction relief and the district court denied it after determining that it was time barred. On appeal, the prisoner primarily challenged the procedure followed by the district court when it reviewed the motion and dismissed it sua sponte without giving him notice and an opportunity to be heard. We stated that district courts have discretion to provide the parties an opportunity to present their positions before acting sua sponte to dismiss a postconviction motion as time barred and that an appellate court will examine such procedures for an abuse of discretion.[16] An abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant

---

[13] *State v. Lotter, supra* note 7.

[14] *State v. Dean*, 264 Neb. 42, 645 N.W.2d 528 (2002).

[15] *State v. Torres, supra* note 5.

[16] See *id.*

of a substantial right and denying a just result in matters submitted for disposition.[17]

We found no abuse of discretion in *Torres*. We noted that the prisoner did not argue that his motion was timely under any subsection of § 29-3001(4). Further, he did not point to anything he might have argued or offered, if provided such an opportunity, that would have changed the court's conclusion his claim was time barred.

Here, in considering the parties' respective positions, we start with Trail's verified motion for postconviction relief. It contained no assertions of timeliness. This absence is particularly glaring in light of the declaration by Trail's counsel during the November 2023 hearing that the deadline for filing a postconviction motion was December 19. Counsel's having so advised the court, one would reasonably expect the motion to explain why it was not filed by that date.

After the State asserted that Trail's motion was time barred under § 29-3001(4)(a), Trail had incentive to inform the court of his timeliness arguments. But over the ensuing 3 weeks, Trail did not file any reply. Nor did he ask for leave to amend his postconviction motion. Nor did he request a hearing.

Twenty-three days after the State's response, the court entered its order denying Trail's motion as time barred. Even after the order's entry, Trail took no prompt action to apprise the court of his timeliness arguments. He did not file a motion to alter or amend. He did not ask the court to reconsider. Instead, 52 days after the State's response, 29 days after the court's order, and approximately 70 minutes before depriving the district court of jurisdiction by filing a notice of appeal, Trail filed a document setting out his position regarding timeliness. His action came too late to be considered by the district court.

[11] An appellate court will not consider as an assignment of error a question not presented to the district court

---

[17] See *id.*

for disposition through a defendant's motion for postconviction relief.[18] We cannot read Trail's postconviction motion as asserting timeliness under § 29-3001(4)(c). His motion did not mention that subsection, nor did it use any of its language. The mere recitation of dates concerning counsels' motions to withdraw and the appointments of counsel, along with an allegation that Trail was left without counsel "at a critical moment," are simply insufficient to put the court on notice that Trail was claiming "an impediment created by state action"[19] prevented him from filing his motion. We find no abuse of discretion by the court in denying Trail's motion as time barred without first inviting Trail to respond.

Even if Trail's motion had alleged equitable tolling or tolling under § 29-3001(4)(c), neither would apply. We explain why next.

Tolling of Limitations Period

We read Trail's appellate brief as asserting three tolling-related arguments. Those arguments are based on equitable tolling, statutory tolling under § 29-3001(4)(c), and abandonment by counsel.

Where it applies, the doctrine of equitable tolling permits a court to excuse a party's failure to comply with the statute of limitations where, because of disability, irremediable lack of information, or other circumstances beyond his or her control, the plaintiff cannot be expected to file suit on time.[20] In a case decided last year, after observing that we were being asked for the fifth time to consider whether equitable tolling may be applied to the 1-year limitation period in § 29-3001(4), we stated: "[E]ven if [the prisoner] is correct and he would be entitled to equitable tolling based on his circumstances, in order to equitably toll his limitation period, the 1-year

---

[18] *Id.*

[19] § 29-3001(4)(c).

[20] See *State v. Boeggeman*, 316 Neb. 581, 5 N.W.3d 735 (2024), *disapproved on other grounds, State v. Goynes*, 318 Neb. 413, 16 N.W.3d 373 (2025).

limitation period provided by § 29-3001(4) must be subject to equitable tolling. It is not."[21] We explained that the 1-year limitation period served the goals of the Nebraska Postconviction Act and that "we ha[d] previously declined to recognize common-law remedies for the purpose of asserting time-barred postconviction claims, as doing so would undermine the purpose of the Legislature in enacting § 29-3001(4)."[22] For those same reasons, even in capital cases, § 29-3001(4) is not subject to equitable tolling.

A principle similar to equitable tolling is already found in the statutory tolling language of § 29-3001(4)(c).[23] And we have stated that "it is difficult to conceive of a circumstance outside § 29-3001(4)(c) that would support application of the equitable tolling doctrine in a postconviction motion."[24] We turn to the statutory tolling language.

[12] To satisfy the tolling provision of § 29-3001(4)(c), a prisoner must show there was (1) an impediment created by state action, (2) which amounted to a violation of the federal or state Constitution or a state law, and (3) as a result, the prisoner was prevented from filing a verified motion. If all these factors are satisfied, the 1-year limitation period will begin to run on the date the impediment was removed.[25] These requirements are driven by the statutory language, which we are not empowered to embellish or supplement. Taking the last requirement first, we find that it has not been satisfied.

The plain language of § 29-3001(4)(c) requires a showing that an impediment prevented the prisoner from filing the verified motion.[26] We have stated that even if equitable tolling applied, the circumstances of a case would not support

---

[21] *Id.* at 595, 5 N.W.3d at 745.

[22] *Id.* at 598, 5 N.W.3d at 746.

[23] See *State v. Conn*, 300 Neb. 391, 914 N.W.2d 440 (2018).

[24] *Id.* at 399, 914 N.W.2d at 446.

[25] *State v. Amaya*, 298 Neb. 70, 902 N.W.2d 675 (2017).

[26] See *State v. Shannon*, 293 Neb. 303, 876 N.W.2d 907 (2016).

the principle if the period in which the prisoner was claiming equitable tolling did not encompass the entire 1-year limitation period of § 29-3001(4).[27] For example, in *State v. Huggins*,[28] the prisoner argued that the limitation period should be tolled during the time he was in federal custody, but we stated that "no tolling occurs where, as in this case, the prisoner has time to file a motion for postconviction relief within the statutory 1-year period."

That is the situation here. In Trail's brief, he highlights the trial court's 62-day delay in appointing postconviction counsel after he made the request and the 15-day delay in appointing replacement counsel after his postconviction counsel withdrew. In Trail's last-minute filing, he asserted that he was without counsel for 100 days.

But at least two flaws doom Trail's argument. First, even excluding those delays would still leave Trail with well over 200 days in which to file his motion. Trail has not shown that an impediment created by state action left him with no time to file his motion. But more fundamentally, the time limit for postconviction motions does not operate like Nebraska's speedy trial statutes.[29]

Finally, we reject Trail's argument that his motion should be considered timely because he was abandoned by counsel. His reliance on *Maples v. Thomas*[30] is misplaced. There, a prisoner's attorneys did not inform him that they left their law firm and could not serve as his counsel, nor did they seek leave from the court to withdraw. During the 42 days that the state court allowed for noticing an appeal from a trial court's denial of postconviction relief, the prisoner was abandoned

---

[27] See, *State v. Conn, supra* note 23; *State v. Huggins*, 291 Neb. 443, 866 N.W.2d 80 (2015).

[28] *State v. Huggins, supra* note 27, 291 Neb. at 450, 866 N.W.2d at 86.

[29] See Neb. Rev. Stat. §§ 29-1205 to 29-1209 (Reissue 2016).

[30] *Maples v. Thomas*, 565 U.S. 266, 132 S. Ct. 912, 181 L. Ed. 2d 807 (2012).

by counsel and was unaware that he needed to act pro se to protect himself. The U.S. Supreme Court found that due to the "extraordinary circumstances quite beyond his control,"[31] the prisoner showed cause to excuse a procedural default.

In contrast, Trail was not abandoned by counsel—he abandoned his counsel. His appellate counsel sought leave to withdraw at Trail's request. Trail knew that the motion was thereafter sustained and that he needed to act pro se until the court later appointed counsel for him. While the Legislature is free to amend the time limitation under § 29-3001(4) to extend the filing time in situations where a prisoner is truly abandoned by counsel, we are not.

## CONCLUSION

For the reasons explained above, we conclude the following:

• Before dismissing a postconviction motion as time barred, it is within a district court's discretion to provide the parties an opportunity to present their positions. The court did not abuse its discretion nor deprive Trail of due process when it denied Trail's motion as time barred weeks after the State asserted it was untimely and Trail failed to take action.

• Even in capital cases, § 29-3001(4) is not subject to equitable tolling.

• Section 29-3001(4)(c) does not apply if the prisoner has time to file a motion for postconviction relief within the statutory 1-year period.

We affirm the district court's order denying, as time barred, Trail's motion for postconviction relief.

AFFIRMED.

BERGEVIN, J., not participating.

---

[31] *Id.*, 565 U.S. at 289.