STATE OF NEBRASKA, APPELLEE, v. ROBERT WILLIAM LOSIEAU, APPELLANT.

144 N. W. 2d 435

Filed July 29, 1966.     No. 36242.

Ray C. Simmons, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and RONIN, District Judge.

McCOWN, J.

This case involves the application of the Post Conviction Act to a prisoner in custody under one sentence, but seeking to challenge a second conviction and sentence which he has not yet started to serve. See L. B. 836, 1965 Legislature, now sections 29-3001 to 29-3004, R. S. Supp., 1965.

On October 9, 1952, the district court for Douglas County sentenced Robert William Losieau to 20 years on a burglary and habitual criminal conviction. He was paroled on June 22, 1961, and violated his parole November 8, 1961. On January 12, 1962, he was sentenced in the district court for Dodge County to 20 years on a breaking and entering and habitual criminal conviction and returned to the penitentiary. He is presently serving the original burglary sentence from Douglas County, and is tentatively scheduled for release from that sentence March 18, 1967, at which time he will begin serving the Dodge County breaking and entering sentence.

In July 1965 the defendant commenced proceedings in the Dodge County district court to challenge the Dodge County breaking and entering conviction in that court under the Post Conviction Act. On July 20, 1965, counsel was appointed for him. The State moved to dismiss the application for post conviction relief on

the ground that the defendant was not "a prisoner in custody under sentence" of the Dodge County district court but instead was presently serving a sentence from the Douglas County district court and therefore was not entitled to relief on the Dodge County sentence under the Post Conviction Act. On October 28, 1965, the district court sustained the motion, dismissed the post conviction proceeding, and discharged his counsel. Motion to vacate the order of dismissal was overruled on November 8, 1965. Counsel to represent defendant on the appeal was appointed and this appeal followed.

The sole issue is whether or not this proceeding is premature under the provisions of the Post Conviction Act. It is the State's position that the act is not available to attack a sentence not presently being served; that the defendant is not in custody under the sentence being attacked; and that even if the Dodge County conviction were held invalid, it would not entitle him to immediate release from custody. The State contends that the Post Conviction Act was taken "almost verbatim" from Title 28 U. S. C. A., section 2255, page 563; that the federal act is a part of federal habeas corpus remedies; and that federal decisions, holding that habeas corpus and section 2255 remedies are available only to attack a sentence presently being served, are applicable and should be controlling.

It is appropriate here to note that the Post Conviction Act, while closely interrelated, does not affect our habeas corpus proceedings. The act is a comprehensive post conviction measure embracing both federal and state constitutional claims. Its procedures were intended to be swift, simple, and easily invoked. It is cumulative and not concurrent with any other remedy. The language of section 1 of the Nebraska act that "there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable" is not in the federal act. The Nebraska act is broader than the federal act as to the basis for

relief. The relief to be prayed for under our act is "to vacate or set aside the sentence." The court is authorized under our act, depending on the findings, to vacate and set aside the judgment and "discharge the prisoner or resentence him or grant a new trial as may appear appropriate." It is our conclusion that it was not the intent of the Nebraska Legislature to equate our Post Conviction Act literally with section 2255 of the federal act, but rather that it was designed to meet modern judicial requirements, and afford an adequate corrective process for hearing and determining alleged violations of federal and state constitutional guarantees in the developing areas of their emergence.

Even if the State's position on the doctrine of prematurity were accepted, it ignores such recent cases as Martin v. Commonwealth, 349 F. 2d 781 (Fourth Circuit, 1965). There the lower court had ruled that habeas corpus was available only to attack a sentence presently being served. The circuit court reviewed the development of cases relaxing the strictness of the interpretation of "custody" in habeas corpus cases in the federal courts. Judge Sobeloff concluded, and we think rightly, that the United States Supreme Court, if faced with the issue today, might well reconsider McNally v. Hill, 293 U. S. 131, 55 S. Ct. 24, 79 L. Ed. 238. That case, of course, is the historical foundation upon which virtually all the cases cited by the State rest. The Fourth Circuit Court of Appeals held in the Martin case that since the defendant's escape and larceny convictions barred his eligibility for parole on the prior second degree murder charge he was presently serving, he was "in custody" within the meaning of Title 28 U. S. C. A., section 2241, page 4. The court determined that the subsequent convictions, which caused the vast difference between continued confinement without eligibility for parole and conditional release were in the truest sense a present restraint upon Martin's liberty. In one of the latest United States Supreme Court cases

cited by the State, Heflin v. United States (1959), 358 U. S. 415, 79 S. Ct. 451, 3 L. Ed. 2d 407, the court was even then divided on the issue of whether section 2255 could be used to question a sentence which the prisoner had not begun to serve. Even in that case, however, the entire court then proceeded to grant appropriate relief under Rule 35 of the Federal Rules of Criminal Procedure as to the sentence not yet being served. The essential authority to correct sentences granted by Rule 35 of the Federal Rules of Criminal Procedure is incorporated in our Post Conviction Act. Long prior to the Heflin case, *supra,* the United States Supreme Court had specifically held that where the revocation of parole was due to the second conviction, habeas corpus was not premature even though the second sentence had not begun to be served. See Ex Parte Cleio Hull (1941), 312 U. S. 546, 61 S. Ct. 840, 85 L. Ed., 1034. In the case at bar, defendant's motion specifically alleges "although petitioner is not now serving" the Dodge County sentence, "it was due to said sentence and illegal conviction that petitioner was returned to the Nebraska State Penitentiary as a parole violator."

Some states have already adopted the view that the modern concept of habeas corpus should permit a prisoner to litigate his right to liberty at a future date. A comprehensive review of the doctrine of prematurity and the developing concept of habeas corpus and post conviction remedies are set out in Commonwealth v. Myers, 419 Pa. 1, 213 A. 2d 613.

A slavish adherence to the historical employment of the writ of habeas corpus necessitates a disregard of the present practical consequences to the effective administration of justice as well as a distortion of the legislative intent in adopting a post conviction act. The most obvious and critical problem is the effect of the resulting delay. The ability to reach the truth in virtually any hearing progressively deteriorates with the passage of time. Were a retrial to be required, a serious,

and in many instances fatal, load might be placed on the State itself in its ability to present its case on the retrial. Witnesses may have disappeared or died, memories will suffer the attrition of time, and other evidence may have become inaccessible. The same factors may affect the defendant's ability to establish his own allegations at any hearing. In our changing concepts of criminal procedure and constitutional rights, unnecessary delay becomes abhorrent.

Logic, necessity, and the practical considerations of modern jurisprudence make it imperative that historical doctrine not outweigh effective criminal procedure. A refusal to recognize the jurisdiction of the court here would necessitate placing preeminent emphasis on the history of the writ of habeas corpus rather than on the practical and effective employment of the Post Conviction Act. We, therefore, hold that under the circumstances here, the defendant was "in custody under sentence" and the remedies of the Post Conviction Act may be sought against the validity of a final judgment of conviction, even though the petitioner has not yet begun to serve the sentence imposed.

For the reasons stated, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.