STATE OF NEBRASKA, APPELLEE, V. ERNEST HARPER, APPELLANT.

340 N.W.2d 391

Filed November 18, 1983.   No. 82-713.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Linda L. Willard, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, Ernest Harper, was charged in an information with one count of robbery, one count of use of a firearm in commission of a felony, and two counts of first degree sexual assault. Following trial to a jury, Harper was convicted of all of the counts and sentenced to a substantial term in the Nebraska Penal and Correctional Complex. He has appealed his conviction to this court, and assigns as error that the trial court permitted the introduction into evidence of subsequent crimes committed by him. We need not, however, reach that issue on its merits, because the error, as assigned, was not preserved properly by objection at the trial and therefore cannot now be considered by us on direct appeal.

Prior to trial, Harper filed a motion in limine, which the trial court overruled. However, he made no objection to the introduction of testimony concerning the subsequent crimes at the time of trial. Apparently, he relied upon the fact that previously he had filed a motion in limine. That reliance, unfortunately, was misplaced. The overruling of a motion in limine does not eliminate the need to object to the introduction of evidence in order to preserve the error. The function of a motion in limine and an objection are not the same. As we observed recently in *State v. Tomrdle*, 214 Neb. 580, 585-86, 335 N.W.2d 279, 283 (1983): "A motion in limine is a procedural step to prevent prejudicial evidence from reaching the jury. [Citation omitted.] . . . '[I]t is not the office of a motion *in limine* to obtain a final ruling upon the ultimate admissibility of evidence . . . but is rather to prevent the proponent of potentially prejudicial matter from displaying it to the

jury, making statements about it before the jury, or presenting the matter to a jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself.' . . . 'It [the motion in limine] serves the useful purpose of raising and pointing out before trial certain evidentiary rulings the court may be called upon to make during the course of trial. . . . It is not a ruling on evidence and should not, except on a clear showing, be used to reject evidence. It adds a procedural step to the offer of evidence.'

. . . .

"When the trial court in this case overruled the motion in limine, it was incumbent upon Tomrdle to make an objection to the particular evidence sought to be adduced or offered by the State. But there was no such objection. A defendant cannot predicate error on the admission of evidence to which no objection was made at the time the evidence was adduced. Cf., *State v. Weiland*, 186 Neb. 325, 183 N.W.2d 244 (1971); *State v. Holloman*, 197 Neb. 139, 248 N.W.2d 15 (1976). Consequently, because there is no objection in the record, there is no question to be examined on appeal to this court. Also, the District Court's ruling, that is, the denial of the motion in limine in this case, is not an appealable order." To quote from a familiar legal phrase, *Tomrdle* is "a cow case" and "on all fours" with the instant case, and dispositive of this appeal.

While our declaration in *Tomrdle* was made after the *Harper* case was tried, it did not declare any new rule of law, but simply articulated what had always been the law in this jurisdiction. For that reason it has application in the instant case, just as it did in *Tomrdle*.

The appellant failed to properly preserve the error by objecting to the introduction of the evidence at the appropriate time. He cannot now be heard to complain about the introduction of the evidence. That being the only error assigned by the appellant,

the judgment and sentence of the trial court are therefore in all respects affirmed.

AFFIRMED.