STATE OF NEBRASKA, APPELLEE, V. ERNEST HARPER, APPELLANT.
404 N.W.2d 436

Filed April 24, 1987.   No. 86-1105.

Ernest Harper, pro se.

Robert M. Spire, Attorney General, and Linda L. Willard, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Ernest Harper appeals from an order entered by the district court for Douglas County, Nebraska, denying Harper relief sought pursuant to the provisions of the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1985). We affirm.

This is the third appearance of this case before this court. Harper was charged by information with one count of robbery, one count of use of a firearm in the commission of a felony, and two counts of first degree sexual assault. Following trial to a jury, he was convicted of all of the counts and sentenced to the Nebraska Penal and Correctional Complex. Upon appeal to this court, we affirmed. See *State v. Harper*, 215 Neb. 686, 340 N.W.2d 391 (1983) (*Harper I*). Thereafter, Harper filed a petition in the district court for Douglas County, seeking postconviction relief, pursuant to the Nebraska Postconviction Act. Following a hearing, Harper was denied relief and appealed to this court. Upon careful review of the claim he raised, we affirmed. See *State v. Harper*, 218 Neb. 870, 359 N.W.2d 806 (1984) (*Harper II*).

Thereafter, in August of 1986, Harper, pro se, filed a second petition seeking relief pursuant to the provisions of the Nebraska Postconviction Act. All of the matters which he raised in his second petition seeking postconviction relief were matters that were available to be raised, whether raised or not, in his first direct appeal (*Harper I*) or in his subsequent postconviction action (*Harper II*).

The district court denied Harper an evidentiary hearing and

dismissed his second request seeking postconviction relief. It is from that order that he now appeals to this court. He raises no matters which were not either raised or could have been raised in *Harper I* or *Harper II*. This is simply an attempt to continue to rehash those matters which were or could have been previously presented to the court. That Harper may not do under the Postconviction Act.

As we observed in *State v. Rust*, 223 Neb. 150, 155, 388 N.W.2d 483, 489 (1986):

In an effort to prevent justice from being appealed to extinction under the provisions of the Postconviction Act, we have held that once a motion for postconviction relief has been judicially determined, any subsequent motion for such relief from the same conviction and sentence may be dismissed unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of the filing of the prior motion. [Citations omitted.] Moreover, postconviction relief may not be used to secure a review of issues which were capable of being raised in a direct appeal. [Citation omitted.]

None of the matters presented to the district court in the first instance and to this court on appeal fall within the excepted categories, but, instead, fall within those areas for which subsequent postconviction relief may not be sought. The district court was correct in denying the petition. The judgment is affirmed.

AFFIRMED.