STATE OF NEBRASKA, APPELLEE, V. ERNEST HARPER, APPELLANT.
448 N.W.2d 407

Filed November 22, 1989.   No. 89-235.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Ernest Harper, pro se.

Robert M. Spire, Attorney General, and Linda L. Willard for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

The defendant, Ernest Harper, has appealed from an order of the district court which denied him an evidentiary hearing and denied defendant's postconviction motion filed December 22, 1988. In 1982, in the district court for Douglas County, Nebraska, defendant was convicted of robbery, use of a firearm in the commission of a felony, and two counts of first degree sexual assault. His convictions of those crimes were affirmed in *State v. Harper*, 215 Neb. 686, 340 N.W.2d 391 (1983). Thereafter, defendant filed two unsuccessful petitions for postconviction relief. Denial of such relief was affirmed in *State v. Harper*, 218 Neb. 870, 359 N.W.2d 806 (1984), and *State v. Harper*, 225 Neb. 300, 404 N.W.2d 436 (1987).

On December 22, 1988, defendant filed a "Motion for Stay and Direct Review of Extradition Agreement and Judgment and Plimanary Injuncation [sic]" in the Douglas County District Court. In his motion, defendant alleges that "[u]nder the Iowa State Extradition Compact, the demanding State of Nebraska had no legal authorization to transpotate [sic] defendant from the asylum state." Defendant then sets out in

his motion various sections of Iowa statutes concerning extradition. He does not refer to the Agreement on Detainers, as reflected in Neb. Rev. Stat. § 29-759 (Reissue 1985), but generally alleges that that interstate compact violates the Nebraska, Iowa, and U.S. Constitutions. On March 9, 1989, the district court denied defendant's motion.

On March 10, 1989, defendant filed an "Amendment to Motion to Vacate" in the district court. The trial court, on March 15, determined that defendant's March 10 amendment was untimely, since the original motion had been denied. The trial court, however, "in an effort to avoid further pleadings," treated the amendment as a motion to vacate and thus a postconviction motion, and denied it as being without merit, since all the alleged grounds could have been raised on direct appeal. The trial court, in effect, denied all of defendant's efforts seeking postconviction relief.

We agree with the court's resolution of defendant's motions, but on a different ground. Our examination of the record shows that at all times while any of the motions in the case before us were filed, defendant was incarcerated in the State of Iowa. Defendant's affidavit attached to his first motion establishes beyond a doubt that defendant is so incarcerated. Postconviction proceedings in Nebraska are set out in Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 1985). Section 29-3001 provides, in part:

A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, may file a verified motion at any time in the court which imposed such sentence, stating the ground relied upon, and asking the court to vacate or set aside the sentence.

The underlying facts of this appeal require an answer to the question as to what constitutes "in custody under sentence." It is undisputed that the defendant filed this motion for postconviction relief while incarcerated in an Iowa prison. While § 29-3001 does not expressly state that a postconviction

attack on a sentence is limited to prisoners incarcerated in the State of Nebraska, we hold that the phrase "in custody under sentence," as used in the Nebraska Postconviction Act, §§ 29-3001 et seq., requires that a prisoner seeking relief under the act must be in actual custody in Nebraska under a Nebraska sentence.

This holding is harmonious with article V(g) of the Agreement on Detainers, § 29-759, which provides: "For all purposes other than that for which temporary custody as provided in this agreement is exercised, the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state . . . ."

Defendant remains subject to the jurisdiction of the sending state, which in this case is the State of Iowa. Nebraska had only temporary custody of the defendant, and that custody terminated when the defendant was delivered back to Iowa. Defendant is now in the actual custody of the State of Iowa. The State of Nebraska can do nothing about that custody. Since, at this time, defendant is not in actual custody in Nebraska, he may not mount a statutory postconviction attack against his Nebraska convictions.

The district court did not have jurisdiction to entertain defendant's motions for postconviction relief, and his motions should have been dismissed on that ground. Defendant's appeal is dismissed.

APPEAL DISMISSED.