STATE OF NEBRASKA, APPELLEE, V. RANDALL S. WHITMORE,
APPELLANT.
452 N.W.2d 31

Filed February 23, 1990.   No. 89-452.

Jerry L. Soucie for appellant.

Randall S. Whitmore, pro se.

Robert M. Spire, Attorney General, and Terri M. Weeks for
appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, and
FAHRNBRUCH, JJ., and RONIN and COLWELL, D. JJ., Retired.

PER CURIAM.

Defendant has appealed from the May 2, 1989, order of the
district court which overruled his motion for postconviction
relief. We order the appeal dismissed for lack of jurisdiction.

On December 4, 1984, defendant was sentenced in cases
found at Douglas County District Court docket 111, page 454,
and docket 111, page 430. In the first case, the sentences were
for 3 to 5 years on count I, 2 to 4 years on count II, 2 to 4 years
on count III, and 2 to 4 years on count IV, the sentences on
counts II, III, and IV to run concurrently with each other and
consecutively to count I. In the second case, the sentence was
for 1 to 3 years, to be served concurrently with the sentences
imposed in the previous case.

The defendant in his motion does not allege that he is
currently in custody in Nebraska serving those sentences. To the
contrary, he shows his address to be "Reg. No. 11853-047,
MCFP, Unit 9, Box 4000, Springfield, MO 65808." In a
separate motion filed on May 2, 1989, in the office of the clerk
of the district court for Douglas County, he suggests that at that
time he was in the custody of the Federal Bureau of Prisons.

In *State v. Harper*, 233 Neb. 841, 842-43, 448 N.W.2d 407, 408 (1989), this court stated:

> While § 29-3001 does not expressly state that a postconviction attack on a sentence is limited to prisoners incarcerated in the State of Nebraska, we hold that the phrase "in custody under sentence," as used in the Nebraska Postconviction Act, §§ 29-3001 et seq., requires that a prisoner seeking relief under the act must be in actual custody in Nebraska under a Nebraska sentence.

The fact that a detainer may be on file with the Federal Bureau of Prisons by the State of Nebraska does not make the defendant "in actual custody in Nebraska."

The district court had no jurisdiction to entertain defendant's motion, nor does this court to hear his appeal, and it is ordered dismissed.

APPEAL DISMISSED.