STATE OF NEBRASKA, APPELLEE, V. RICKY J. COSTANZO,
APPELLANT.
495 N.W.2d 904

Filed February 19, 1993.    No. S-90-912.

J. Mark Barnett, of Jewell, Gatz, Collins, Dreier &
Fitzgerald, for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee
for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN,
FAHRNBRUCH, and LANPHIER, JJ.

FAHRNBRUCH, J.

On December 16, 1986, Ricky J. Costanzo was found guilty
of assault in the first degree by a Douglas County District Court
jury. He received an indeterminate sentence of 5 to 10 years'
imprisonment. Costanzo's conviction and sentence were
affirmed by this court on February 12, 1988. *State v. Costanzo*,
227 Neb. 616, 419 N.W.2d 156 (1988).

Thereafter, Costanzo filed a petition seeking (1) a new trial
because of newly discovered evidence and (2) postconviction
relief because of alleged (a) ineffectiveness of counsel, (b)
failure by the State to disclose exculpatory evidence, and (c)
prosecutor misconduct. In *State v. Costanzo*, 235 Neb. 126, 454
N.W.2d 283 (1990), this court affirmed the trial court's denial
of the defendant's motion for new trial. We did, however,
reverse the trial court's denial of postconviction relief and
remand that issue to the trial court for findings of fact and
conclusions of law. Upon remand, the trial court, after making
findings of fact and conclusions of law, again denied Costanzo
postconviction relief, which ruling Costanzo has appealed to
this court.

At oral argument on appeal to this court, Costanzo

acknowledged that he had been imprisoned on the assault charge, that he had been paroled and subsequently had been discharged from parole, and that he was no longer in the State's custody. Because of these facts, Costanzo's appeal has become moot.

Costanzo instituted his postconviction action pursuant to the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1989). This court has held that "the Nebraska Postconviction Act, §§ 29-3001 et seq., requires that a prisoner seeking relief under the act must be in actual custody in Nebraska under a Nebraska sentence." *State v. Harper*, 233 Neb. 841, 843, 448 N.W.2d 407, 408 (1989). Accord *State v. Whitmore*, 234 Neb. 557, 452 N.W.2d 31 (1990).

Since Costanzo is no longer in actual custody in Nebraska under a Nebraska sentence, his appeal is moot and must be dismissed.

APPEAL DISMISSED.