STATE OF NEBRASKA, APPELLEE, V. WILLIAM EUTZY, APPELLANT.
496 N.W.2d 529

Filed March 12, 1993.    No. S-90-1212.

William H. Allen, Arvid E. Roach II, Timothy C. Hester, and Douglas M. Gleason, of Covington & Burling, and Richard L. Goos for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

LANPHIER, J.

The appellant in this case, William Eutzy, appeals from the District Court for Douglas County's denial of his motion for postconviction relief. The motion sought to set aside a 1958 armed robbery conviction which was relied upon as an aggravated circumstance by a Florida court in sentencing Eutzy

to death for murder. Appellant assigns as error the district court's denial of his motion to set aside the conviction. We dismiss the appeal.

## FACTUAL BACKGROUND

Appellant was arrested in Nebraska on February 28, 1958, in connection with the holdup of a convenience store. He was eighteen years old at the time. On March 6, 1958, appellant was arraigned in the Douglas County District Court and charged with armed robbery. Appellant, represented by the Douglas County public defender, pled guilty to the charges and was thereafter sentenced to nine years at hard labor in the State Reformatory.

On August 16, 1990, appellant filed a motion for postconviction relief in the Douglas County District Court, seeking to vacate and set aside the 1958 judgment. He contended that his guilty plea had not been knowing and intelligent, and that the 1958 conviction was therefore unconstitutional. Appellant based this contention on assertions that his court-appointed attorney did not meet with him until moments before his hearing; that he was told to plead guilty so as not to make the judge mad; that he was never informed of the consequences of such a plea; and that the judge did not inquire as to whether appellant's plea was made voluntarily and intelligently. The district court denied appellant's motion without opinion.

Appellant's motivation for seeking postconviction relief some 32 years after he was convicted was due largely to sentencing proceedings occurring in the State of Florida. In July 1983, appellant was tried and convicted in Florida on a charge of first-degree murder. He was sentenced to death upon a statutory scheme which requires that specific aggravating factors be present before the death sentence can be imposed. 23 Fla. Stat. Ann. § 921.141 (West 1985). His 1958 conviction was relied upon as one of those factors.

## THE QUESTION OF MOOTNESS

Since the district court's denial of his motion, appellant has been resentenced to life imprisonment with a possibility of consideration for parole in 25 years. Accordingly, the State of

Florida is no longer using the 1958 conviction as a basis for sentencing appellant to death. Appellant nonetheless urges this court to consider his appeal from the district court's order due to the possible adverse effect which the conviction could have on his chances for parole. A threshold question is therefore presented as to whether this appeal should be allowed to continue considering the relevant circumstances.

Generally, a case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of the litigation. *Maack v. School Dist. of Lincoln*, 241 Neb. 847, 491 N.W.2d 341 (1992); *Mullendore v. School Dist. No. 1*, 223 Neb. 28, 388 N.W.2d 93 (1986). Mootness does not prevent appellate jurisdiction and consideration of a question or issue, however, which relates to the general public interest and will likely recur, but which may elude judicial review as the result of the transitory setting in which the issue or question has arisen. *Maack v. School Dist. of Lincoln, supra*. See, also, *Chambers-Dobson, Inc. v. Squier*, 238 Neb. 748, 472 N.W.2d 391 (1991); *State ex rel. Bouc v. School Dist. of City of Lincoln*, 211 Neb. 731, 320 N.W.2d 472 (1982).

Our review of the record indicates that the issues initially presented by appellant no longer exist, as the 1958 conviction is no longer being relied upon by the State of Florida to sentence appellant to death. Further, appellant has failed to demonstrate that he still has a legally cognizable interest in the outcome of the litigation. The record is without proof of any benefit which would flow to appellant if he prevailed in this litigation. The only indication that appellant has any interest at all in this proceeding is a letter from counsel stating that the 1958 conviction may have an adverse effect on appellant's opportunity for parole. That is not sufficient. A concrete case of fact or right must be shown. *Hafeman v. Gem Oil Co.*, 163 Neb. 438, 80 N.W.2d 139 (1956). Appellant's appeal is therefore moot.

As noted above, mootness does not prevent appellate jurisdiction and consideration of a recurring question or issue which relates to the general public interest and which may elude judicial review. Actions for postconviction relief, however,

while likely to recur, generally do not evade review as a result of a transitory setting. Appellant's appeal is therefore not one which can be heard under this exception to mootness.

In passing, we note that appellant's first basis for collateral review, the Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1989), is available only to prisoners "in custody under sentence" who are claiming a right to set aside their judgment or sentence. We recently construed this statement in *State v. Harper*, 233 Neb. 841, 448 N.W.2d 407 (1989), where we held that "the phrase 'in custody under sentence'. . . requires that a prisoner seeking relief under the act must be in actual custody in Nebraska under a Nebraska sentence." *Id.* at 843, 448 N.W.2d at 408. See, also *State v. Whitmore*, 234 Neb. 557, 452 N.W.2d 31 (1990). The record before us shows that at all times during which any of the motions in the case before us were filed, appellant was incarcerated in the State of Florida. The Postconviction Act would therefore not have been available as an avenue of relief in any event.

## CONCLUSION

In light of our finding that appellant's resentencing has rendered this appeal moot, and since his appeal does not concern a recurring matter of public interest likely to evade review, appellant's appeal is dismissed.

APPEAL DISMISSED.