Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2024 06:08 PM CDT

State of Nebraska, appellee, v.
Joseph C. Boeggeman, appellant.

___ N.W.3d ___

Filed May 10, 2024.    No. S-22-644.

1. **Postconviction: Constitutional Law: Proof: Appeal and Error.** When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court determines de novo whether the petitioner failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights as to render the judgment void or voidable and, if so, whether the files and records affirmatively show that he or she is entitled to no relief.

2. **Jurisdiction: Appeal and Error.** A party petitioning to bypass review by the Nebraska Court of Appeals should identify how the appeal implicates the factors set out in Neb. Rev. Stat. § 24-1106(2) (Cum. Supp. 2022).

3. **Postconviction: Constitutional Law: Judgments: Proof.** Under the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 2016), postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable.

4. **Postconviction: Limitations of Actions.** The 1-year limitation contained within Neb. Rev. Stat. § 29-3001(4) (Reissue 2016) governs all postconviction motions, and a prisoner's postconviction motion must be filed within 1 year from one of the triggering events in the statute.

5. ____: ____. The 1-year limitation period contained within Neb. Rev. Stat. § 29-3001(4) (Reissue 2016) is not subject to equitable tolling.

6. **Postconviction.** A district court should first consider and rule on any pending motions to amend or supplement before determining whether a postconviction motion should be overruled without an evidentiary hearing.

7. **Postconviction: Constitutional Law: Judgments.** Postconviction relief
   is only available where a constitutional violation renders the judgment
   void or voidable.

Appeal from the District Court for Sarpy County: Nathan
B. Cox, Judge. Affirmed.

Joseph C. Boeggeman, pro se.

Michael T. Hilgers, Attorney General, and Melissa R.
Vincent for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke,
Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

Joseph C. Boeggeman appeals from the district court's order
denying his motion for postconviction relief without an evi-
dentiary hearing.[1] Because Boeggeman's motion was untimely
and equitable tolling does not apply to the 1-year limitation of
§ 29-3001(4), we affirm.

## BACKGROUND

Boeggeman was tried in Sarpy County, Nebraska, under the
interstate Agreement on Detainers.[2] During the pendency of
the Nebraska criminal proceedings, he was serving an unre-
lated Massachusetts sentence.[3] Boeggeman pleaded no contest
to two counts of attempted first degree sexual assault and
one count of attempted third degree sexual assault. After his
sentencing hearing in February 2017, and before the time
for filing an appeal had expired, Boeggeman was returned to
Massachusetts, pursuant to the Agreement on Detainers, where
he remained until January 2020.

---

[1] See Neb. Rev. Stat. § 29-3001 (Reissue 2016).

[2] See Neb. Rev. Stat. § 29-759 (Reissue 2016).

[3] See § 29-759, art. V.

Boeggeman filed a verified motion for postconviction relief on December 21, 2020, seeking "to vacate, set aside or modify (clarify)" his sentence entered on February 6, 2017. Boeggeman's motion was premised on his assertion that there is a discrepancy or ambiguity between the trial court's pronounced sentence and its written sentencing order as to whether his Nebraska sentences were ordered to run concurrent with or consecutive to the Massachusetts sentence.

### Boeggeman's Sentence

After Boeggeman pleaded no contest, the trial court made the following sentencing pronouncement on February 6, 2017:

It will be the judgment of the Court [that Boeggeman] be sentenced on [both counts of attempted first degree sexual assault] to a term of not less than ten years nor more than 20 years. On [the charge of attempted third degree sexual assault], [Boeggeman] will be sentenced to serve one year. He's granted 199 days' credit. And these charges [are] to be served concurrently with each other.

Immediately after the court's pronouncement, the State inquired as to the concurrent or consecutive nature of the Nebraska sentences in relation to the Massachusetts sentence Boeggeman was serving at the time. The entirety of that exchange was as follows:

[The State:] Your Honor, I would ask the Court to state on the record whether or not this sentence is concurrent or consecutive to the sentence he serves in Massachusetts.

THE COURT: I can't do anything with concurrent. This sentence is effective as of today. I can't make it consecutive to an out-of-state sentence. I don't have that authority.

[The State:] It's — with all due respect, it's my understanding with the folks who run the interstate compact on detainers that that will determine where [Boeggeman] ends up in the next several weeks, months and years. In other words —

THE COURT: Well, he's going to be in our facility also.

[The State:] Only if it's concurrent. If it's consecutive, then he will be shipped to Massachusetts to finish his term.

THE COURT: Well, it's concurrent.

[Defense counsel:] Judge —

THE COURT: I can't — I can't do anything — you know, he's a parole violator out of wherever.

[The State:] Okay.

THE COURT: All right?

[Defense counsel:] Judge, did you give him credit for the 199 days?

THE COURT: Yeah.

[Defense counsel:] Thank you, sir.

THE COURT: With that, he's remanded back for transportation to the Department of Corrections.

[The State:] I apologize, Your Honor, I just need clarification, for my own edification. Is there — is what the Court is saying is that this sentence —

THE COURT: This sentence starts today.

[The State:] But is the Court making any ruling as to whether or not it's concurrent or consecutive to the sentence in Massachusetts?

THE COURT: I can't make it — I can't do that. I don't have that authority.

[The State:] Thank you.

THE COURT: That's — that's a separate sentence, as far as I can tell.

[Defense counsel:] If — a moment ago, sir, you said it was to be concurrent with the sentence in Massachusetts.

THE COURT: I can't — a sentencing order that I enter becomes effective the date I enter it.

[Defense counsel:] Okay.

THE COURT: Unless I make it consecutive to some sentence that is being served here.

[Defense counsel:] Okay. Thank you.

THE COURT: You know, if they want to ship him back there and then he can start here, that's fine.

Later that day, the court issued its written sentencing order, which stated in relevant part that

[Boeggeman] be committed to the Department of Corrections of the State of Nebraska for a term of **NOT LESS THAN 10 YEARS, NOR MORE THAN 20 YEARS ON** [both counts of attempted first degree sexual assault]; **ONE YEAR on** [the charge of attempted third degree sexual assault]. [Boeggeman] is granted **199 days** credit against said sentence for time spent in incarceration awaiting disposition on this charge. This sentence to [run] concurrently with each other.

. . . .

. . . [Boeggeman] is remanded to the custody of the Sheriff of Sarpy County, Nebraska, for placement in the Sarpy County Jail pending transportation to the Nebraska Dept. of Corrections to serve the sentence imposed herein.

. . . [C]ommitment issued accordingly. Clerk to deliver [a] certified copy of this judgement and sentence to the Sarpy County Sheriff.

In his postconviction motion, Boeggeman alleged that he expressed concern with his trial counsel regarding whether his Nebraska sentences were to be served concurrently with or consecutively to the Massachusetts sentence he was serving at the time and that his trial counsel advised him that any needed clarification could be addressed upon Boeggeman's return to Nebraska after he served the remainder of his Massachusetts sentence. The motion stated, "[H]owever, [Boeggeman] urged his counsel to file an immediate appeal . . . but the appeal was not filed and [he] was returned to the custody of the Massachusetts Department of Correction without further communication from his defense counsel" on February 22, 2017. The motion further stated:

It was not until [Boeggeman] return[ed] to [Massachusetts] that he discovered that the written[ ] sentencing order was silent on the matter of the concurrent or consecutive nature of the Nebraska sentence[,] and both prison systems were interpreting the omission as [indicating that] the Nebraska sentence [was] to [be] served consecutive [to] the Massachusetts sentence.

## MOTION FOR ORDER NUNC PRO TUNC

When Boeggeman was returned to Nebraska in 2020, he contacted his trial counsel. Trial counsel then filed a motion for an order nunc pro tunc to correct Boeggeman's written sentencing order. The motion sought correction of the written order "to accurately reflect the concurrent nature of the [Nebraska sentences with the Massachusetts sentence], as stated on the record at the Sentencing Hearing."

In August 2020, the trial court, with a successor judge presiding, concluded that an order nunc pro tunc was improper because the trial court was being asked to interpret the sentencing court's pronouncement rather than correct a scrivener's error. The court overruled the motion, stating that "[i]f the pronouncement of sentence was flawed or erroneous, then that was an issue for appeal and not for an order nunc pro tunc." Boeggeman asserted in his postconviction motion that "[a]n appeal [from the denial of an order nunc pro tunc] was not undertaken because an appeal on the merits . . . would [have] been fruitless," which appears to reflect the advice of his trial counsel.

## POSTCONVICTION FILINGS

On December 21, 2020, Boeggeman filed his verified motion for postconviction relief. Upon Boeggeman's filing of his motion for postconviction relief, the district court ordered the State to file a written response.

Boeggeman subsequently filed several motions concurrently with one another, which included a motion for leave to amend his postconviction motion wherein he set forth

additional facts absent in his motion for postconviction relief and sought alternative relief. After these filings, Boeggeman filed a "motion to clarify" that his motion to amend was intended to be a motion to supplement his postconviction motion. We refer to the motion to amend as Boeggeman's "supplemental motion."

In his supplemental motion, Boeggeman asserted that the Sarpy County Attorney's office was complicit in his unconstitutional confinement in Massachusetts' custody when he was held for a civil commitment proceeding after he completed the service of his Massachusetts sentence. Boeggeman also alleged that after he filed his postconviction motion, he became aware of a Massachusetts court decision. The Massachusetts decision stated that the initiation of civil commitment proceedings in a situation identical to Boeggeman's was held to be violative of procedural due process because the initiation of indefinite detention based on a sexual offender's sexual dangerousness to the public was premature when the sexual offender will be released into the custody of another jurisdiction.[4]

Boeggeman alleged that 10 days before completing his Massachusetts sentence, the Commonwealth of Massachusetts initiated a civil commitment proceeding against him, alleging that he was "a sexually dangerous person." As a result, Boeggeman was temporarily committed by the Commonwealth pending the outcome of those proceedings.

Boeggeman further alleged that during the commitment proceedings, the attorney for the Commonwealth "stated for the record, 'Nebraska said we can keep him as long as we need him; his sentence doesn't start till he gets there,' or [something] to that effect." Boeggeman also alleged that the Sarpy County Attorney's office provided consent on behalf of the State for Boeggeman to remain in the custody of the

---

[4] See *Commonwealth v. Venetucci*, 98 Mass. App. 210, 153 N.E.3d 422 (2020). See, also, *Commonwealth v. Venetucci*, 486 Mass. 1106, 157 N.E.3d 605 (2020) (denying appellate review).

Commonwealth when it did not have the legal authority to do so and that the State participated in the Commonwealth's civil commitment proceeding by providing the Commonwealth with "information contained in [the] case . . . including victim-witness depositions."

The Massachusetts civil commitment proceeding was dismissed in December 2019, after Boeggeman was found not to be a sexually dangerous person, and he was returned to Nebraska's custody in late January 2020. In total, after the completion of his Massachusetts sentence, Boeggeman was held in Massachusetts' custody for approximately 14 additional months under temporary civil commitment.

Finally, Boeggeman's supplemental motion sought alternative relief in the form of a credit on his Nebraska sentence for the time he was held in Massachusetts' custody under the temporary civil commitment.

## District Court's Order

As framed by the district court, Boeggeman's verified postconviction motion asserted two primary grounds for relief: (1) that the trial court plainly erred by failing to clarify whether Boeggeman's Nebraska sentences were to be served concurrently with or consecutively to a Massachusetts sentence that Boeggeman was then-presently serving and (2) that Boeggeman's trial counsel was ineffective for failing to file a direct appeal to clarify the concurrent or consecutive nature of the Nebraska sentences.

The district court overruled Boeggeman's postconviction motion without an evidentiary hearing, concluding that (1) his claims were time barred because his motion was filed more than 1 year after the time for filing a direct appeal expired, (2) his claim of trial court error was procedurally barred because he could have brought the issue on direct appeal, and (3) assuming arguendo that his ineffective assistance of counsel claim was not time barred, Boeggeman failed to articulate facts showing that he is entitled to relief because he

failed to sufficiently allege the deficiency of his counsel and any resulting prejudice. As a result, the court overruled all of Boeggeman's related motions as moot.

Boeggeman filed a timely motion to alter or amend, which the court overruled. Boeggeman appeals from that order.

## Petition to Bypass

On appeal, the State moved for summary affirmance. The Nebraska Court of Appeals overruled the State's motion. The State then petitioned to bypass the Court of Appeals, suggesting that bypass was appropriate under Neb. Rev. Stat. § 24-1106(2)(a) (Cum. Supp. 2022) because Boeggeman's appeal presents a novel legal question.

Boeggeman objected to the State's petition on two grounds. First, he objected because the State failed to identify a specific reason that made bypass appropriate. He also objected because the State failed to provide a separate brief in support of its petition, which Boeggeman erroneously asserted was required under Neb. Ct. R. App. P. § 2-102(B) (rev. 2022), as discussed below.

Even though the State failed to identify the purported novel legal question this appeal presents, based on our review of the appellate record and briefs, we granted the State's petition.

## ASSIGNMENTS OF ERROR

Boeggeman assigns, reordered and restated, that the district court erred by concluding that (1) his postconviction motion was time barred, (2) his claim of trial court error was procedurally barred, and (3) his ineffective assistance of counsel claim was insufficiently alleged. Boeggeman also assigns and argues his underlying claims that (4) the sentencing court erred by not clearly stating in its written sentencing order that his Nebraska sentences were to be served concurrently with his Massachusetts sentence and that (5) his trial counsel was ineffective for failing to file and perfect a direct appeal when Boeggeman directed him to do so.

## STANDARD OF REVIEW

[1] When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court determines de novo whether the petitioner failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights as to render the judgment void or voidable and, if so, whether the files and records affirmatively show that he or she is entitled to no relief.[5]

## ANALYSIS

### Petitioning for Bypass

As an initial matter, we note that effective January 1, 2022, § 2-102(B)(5) provides that "[n]o separate brief in support . . . is required for a petition to bypass . . . ."

[2] Although a separate brief is no longer required, we encourage parties seeking bypass to specifically identify the ground or grounds on which they assert bypass is appropriate, particularly when the grounds are not apparent.[6] A party petitioning to bypass review by the Court of Appeals should identify how the appeal implicates the factors set out in § 24-1106(2). Any party who fails to specifically state the reasons it seeks bypass does so at the party's own peril.[7]

### Timeliness

[3] Under the Nebraska Postconviction Act,[8] postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights

---

[5] See, *State v. Cox*, 314 Neb. 104, 989 N.W.2d 65 (2023); *State v. Jennings*, 312 Neb. 1020, 982 N.W.2d 216 (2022).

[6] Cf., *State v. Garcia*, 315 Neb. 74, 994 N.W.2d 610 (2023); *State v. Buol*, 314 Neb. 976, 994 N.W.2d 98 (2023); *County of Lancaster v. County of Custer*, 313 Neb. 622, 985 N.W.2d 612 (2023).

[7] *Id.*

[8] See Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 2016).

such that the judgment was void or voidable.[9] Pertinent to Boeggeman's appeal, § 29-3001(1) provides:

A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, may file a verified motion, in the court which imposed such sentence, stating the grounds relied upon and asking the court to vacate or set aside the sentence.

The Nebraska Postconviction Act prescribes a 1-year period of limitation to the filing of a postconviction motion. As applicable to Boeggeman's postconviction motion,[10] § 29-3001(4) provides:

A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:

(a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;

(b) The date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence;

(c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action;

(d) The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the

---

[9] See *State v. Cox, supra* note 5.

[10] But see 2023 Neb. Laws, L.B. 50, § 18 (amending § 29-3001(4) to include additional triggering event when petition of writ of certiorari filed with U.S. Supreme Court).

newly recognized right has been made applicable retro-
actively to cases on postconviction collateral review[.]

[4] We have recognized that the 1-year limitation contained
within § 29-3001(4) governs all postconviction motions, and
a prisoner's postconviction motion must be filed within 1
year from one of the triggering events in the statute.[11] We
have also recognized that the 1-year period of limitation is
not a jurisdictional requirement.[12] Instead, it is in the nature
of a statute of limitations and can be waived by the State
when the State fails to raise it as an affirmative defense in
the district court.[13] Even still, if, as part of its preliminary
review, the trial court finds the postconviction motion affirm-
atively shows—either on its face or in combination with
the files and records before the court—that it is time barred
under § 29-3001(4), the court is permitted, but not obliged,
to sua sponte consider and rule upon the timeliness of the
motion.[14] Whether to rule sua sponte on the timeliness of a
postconviction motion is a matter left to the discretion of the
district court.[15]

In Boeggeman's case, the State raised in the district court
the issue of the timeliness of Boeggeman's motion under
§ 29-3001(4)(a). On appeal, the State argues that Boeggeman's
motion is untimely under § 29-3001(4)(a) because his judg-
ment became final on March 9, 2017, and he filed his postcon-
viction motion on December 21, 2020.

Boeggeman does not contest that his motion was untimely
filed under § 29-3001(4)(a). However, Boeggeman argues
that the doctrine of equitable tolling should apply to his

---

[11] See *State v. Lotter*, 311 Neb. 878, 976 N.W.2d 721 (2022), *cert. denied*
___ U.S. ___, 143 S. Ct. 1026, 215 L. Ed. 2d 192 (2023).

[12] *State v. Crawford*, 291 Neb. 362, 865 N.W.2d 360 (2015), *disapproved on
other grounds, State v. Burries*, 310 Neb. 688, 969 N.W.2d 96 (2022).

[13] See *id.*

[14] *State v. Torres*, 300 Neb. 694, 915 N.W.2d 596 (2018); *State v. Amaya*, 298
Neb. 70, 902 N.W.2d 675 (2017).

[15] See *State v. Torres, supra* note 14.

postconviction motion and that the district court abused its discretion when it failed to equitably toll his limitation period. The doctrine of equitable tolling permits a court to excuse a party's failure to comply with the statute of limitations where, because of disability, irremediable lack of information, or other circumstances beyond his or her control, the plaintiff cannot be expected to file suit on time.[16]

In support, Boeggeman points us to *State v. Harper*,[17] where we held that the phrase "in custody under sentence," as used in § 29-3001(1), "requires that a prisoner seeking relief under the act must be in actual custody in Nebraska under a Nebraska sentence."[18] We noted that our reading of "in custody under sentence" is harmonious with the Agreement on Detainers and recognized that under the Agreement on Detainers, "Nebraska had only temporary custody of the defendant" for the sole purpose of prosecuting the untried charges.[19] Because Nebraska's temporary custody terminated when the defendant was delivered back to the "[s]ending state,"[20] the defendant was subject to the sending state's jurisdiction, and Nebraska ceased to have any authority. Therefore, we determined in *Harper* that the district court was without jurisdiction over the defendant's postconviction motion.

---

[16] *State v. Mata*, 304 Neb. 326, 934 N.W.2d 475 (2019); *State v. Conn*, 300 Neb. 391, 914 N.W.2d 440 (2018); *In re Estate of Fuchs*, 297 Neb. 667, 900 N.W.2d 896 (2017).

[17] *State v. Harper*, 233 Neb. 841, 448 N.W.2d 407 (1989).

[18] *Id.* at 843, 448 N.W.2d at 408 (district court lacked jurisdiction over postconviction motion filed by prisoner in Iowa custody). See, *State v. Eutzy*, 242 Neb. 851, 496 N.W.2d 529 (1993) (postconviction relief unavailable to prisoner incarcerated in Florida); *State v. Whitmore*, 234 Neb. 557, 452 N.W.2d 31 (1990) (postconviction relief unavailable to prisoner in federal custody). See, also, *State v. York*, 278 Neb. 306, 770 N.W.2d 614 (2009) (individual subject to registration requirements under Sex Offender Registration Act not in custody under sentence under Nebraska Postconviction Act).

[19] *State v. Harper, supra* note 17, 233 Neb. at 843, 448 N.W.2d at 408.

[20] § 29-759, art. II.

Accordingly, Boeggeman reasons that because the district court lacked jurisdiction to hear his postconviction motion while he was in Massachusetts' custody, he had a recognizable legal disability in filing his postconviction motion; thus, the court should have exercised its discretion and tolled the limitations period for the filing of his motion.

In response, the State argues that equitable tolling should not apply to motions for postconviction relief because the act does not expressly provide for any such tolling. It contends that "[h]ad the Legislature intended to exempt defendants, like Boeggeman, from the 1-year limitation period, it could have easily said so."[21] The State takes the position that in light of § 29-3001(4)(a), postconviction relief is simply not available to prisoners who are in the custody of another jurisdiction for the entirety of the year following the finality of their judgment.

In its briefing, the State also argued that even if equitable tolling is applicable to the 1-year limitation period, it should not apply to Boeggeman because "[t]he only facts [he] cited to support equitable tolling was his lack of access to (1) his trial counsel and (2) Nebraska legal materials."[22] However, at oral argument, the State seemed to abandon this position.

The State conceded at oral argument that if equitable tolling can apply to the limitation period set forth in § 29-3001(4), Boeggeman would be entitled to an evidentiary hearing on his claim of ineffective assistance of counsel.[23] To that end, the State asked, for the first time, that we abrogate *Harper*, reinterpret § 29-3001(1), and hold that a district court has jurisdiction to entertain postconviction motions filed by prisoners not in the custody of Nebraska, and on that basis, affirm the district court's conclusion that Boeggeman's motion was time barred.

---

[21] Brief for appellee at 17.

[22] *Id.* at 18.

[23] See *State v. Determan*, 292 Neb. 557, 873 N.W.2d 390 (2016).

Boeggeman's case marks the fifth time we have been asked to consider whether equitable tolling may be applied to the 1-year limitation period set forth in § 29-3001(4).[24] Previously, we have declined to decide the question because the facts of those prior cases did not support the application of equitable tolling.[25]

Boeggeman notes that we have explicitly

not foreclose[d] consideration of the possibility that there are circumstances under which equitable tolling may apply or that the limitation period may be tolled for a person who was [not in Nebraska's] custody during the entire limitation period and arguably had no opportunity to file a postconviction action within the limitation period.[26]

He asserts that he is such a person because "it would have been impossible for [him] to successfully file a motion for postconviction relief [because] he was not in the custody of Nebraska at any time during the period of limitations in which it had to be filed and no amount of diligence could overcome the jurisdictional barrier."[27] However, even if Boeggeman is correct and he would be entitled to equitable tolling based on his circumstances, in order to equitably toll his limitation period, the 1-year limitation period provided by § 29-3001(4) must be subject to equitable tolling. It is not.

We have previously noted that the U.S. Supreme Court has held that the similarly worded limitations period under 28 U.S.C. § 2244(d) (2018), governing habeas actions filed by prisoners in state custody, is subject to equitable tolling if the prisoner shows that (1) he or she has been pursuing his or

---

[24] See, *State v. Hill*, 310 Neb. 647, 968 N.W.2d 96 (2021); *State v. Mata, supra* note 16; *State v. Conn, supra* note 16; *State v. Huggins*, 291 Neb. 443, 866 N.W.2d 80 (2015).

[25] See *id.*

[26] *State v. Huggins, supra* note 24, 291 Neb. at 454, 866 N.W.2d at 87-88.

[27] Reply brief for appellant at 2.

her rights diligently and (2) some extraordinary circumstance stood in the way and prevented timely filing of a petition.[28] However, the Nebraska Postconviction Act differs from a federal habeas action and does not have the broad reach of similar acts of some other states.[29] Although many states have adopted a unitary postconviction remedy that has replaced all existing procedures and encompasses all claims, whether factual or legal in nature, for reviewing the validity of judgments of conviction, Nebraska has not.[30]

"The remedy provided by [the Nebraska Postconviction Act] is cumulative . . . ."[31] A cumulative remedy is created by statute and is in addition to another remedy that still remains in force.[32] For example, Nebraska statutes still provide for motions for a new trial[33] and writs of habeas corpus.[34] We also continue to recognize common-law remedies such as the withdrawal of an entered plea[35] and writ of error coram nobis.[36] Although we have construed the Nebraska Postconviction Act to be the primary procedure for bringing collateral attacks on final judgments in criminal cases based

---

[28] State v. Huggins, supra note 24 (citing Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010)). See, also, 28 U.S.C. § 2255 (2018 & Supp. IV 2022).

[29] See State v. Turner, 194 Neb. 252, 231 N.W.2d 345 (1975).

[30] See id. See, also, ABA Standards of Criminal Justice, Postconviction Remedies, Standard 22-1.1 (2d ed. 1980).

[31] § 29-3003.

[32] State v. Harris, 292 Neb. 186, 871 N.W.2d 762 (2015); State v. Turner, supra note 29.

[33] See Neb. Rev. Stat. §§ 29-2101 to 29-2103 (Reissue 2016).

[34] See Neb. Rev. Stat. §§ 29-2801 to 29-2824 (Reissue 2016 & Cum. Supp. 2022).

[35] See, e.g., State v. Muratella, 314 Neb. 463, 991 N.W.2d 25 (2023); State v. Gonzalez, 285 Neb. 940, 830 N.W.2d 504 (2013).

[36] See, e.g., State v. Harris, supra note 32; State v. Turner, supra note 29; Carlsen v. State, 129 Neb. 84, 261 N.W. 339 (1935).

upon constitutional principles,[37] § 29-3003 expressly has not foreclosed "relief under another remedy" when appropriate.[38]

In Boeggeman's case, there is no dispute that his sentences were imposed when the trial court pronounced his sentences at the sentencing hearing. Certainly, a sentence of imprisonment should be sufficiently certain so that in and of itself, it advises the accused, and those charged with the execution, of its duration.[39] Boeggeman's ultimate position is that his Nebraska sentences were ordered to run concurrently with his prior Massachusetts sentence and that the Nebraska Department of Correctional Services has misinterpreted his sentences to run consecutively to the Massachusetts sentence. Yet, if Boeggeman's contention is true, postconviction relief is not the only remedy available to him. At a minimum, an application for a writ of habeas corpus is available to Boeggeman should he continue to be confined beyond the completion date of his Nebraska sentences as ordered by the trial court.

We have recognized that the Legislature designed the Nebraska Postconviction Act "to meet modern judicial requirements, and [to] afford an adequate corrective process for hearing and determining alleged violations of federal and state constitutional guarantees."[40] Its procedures were intended to be swift, simple, and easily invoked.[41] The Legislature's

---

[37] See, *State v. Hill, supra* note 24; *State v. Smith*, 288 Neb. 797, 851 N.W.2d 665 (2014); *State v. Gonzalez, supra* note 35.

[38] But see *State v. Gonzalez, supra* note 35.

[39] *State v. Jurgens*, 187 Neb. 557, 192 N.W.2d 741 (1971). See 1993 Neb. Laws, L.B. 529, § 1 (codified at Neb. Rev. Stat. § 29-2204(c) (Cum. Supp. 2022)). See, also, e.g., *State v. Fitzgerald*, 174 N.H. 722, 731, 274 A.3d 581, 589 (2022) ("'[d]ue process requires that the court inform the defendant at the time of sentencing in plain and certain terms what punishment it is exacting . . .'").

[40] *State v. Losieau*, 180 Neb. 696, 699, 144 N.W.2d 435, 437 (1966). See *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016).

[41] *State v. Robertson, supra* note 40; *State v. Losieau, supra* note 40.

institution of a 1-year limitation period serves those goals.[42] Accordingly, we have previously declined to recognize common-law remedies for the purpose of asserting time-barred postconviction claims, as doing so would undermine the purpose of the Legislature in enacting § 29-3001(4).[43]

[5] Likewise, because other remedies remain available under Nebraska law, we now hold that the 1-year limitation period contained within § 29-3001(4) is not subject to equitable tolling. Accordingly, the district court did not err in concluding that Boeggeman's postconviction motion was time barred.

## Motions to Amend or Supplement Postconviction Motions

There is one other issue that begs mention. The district court did not consider Boeggeman's supplemental motion because Boeggeman's postconviction motion was time barred. However, in his supplemental motion, Boeggeman alleged additional facts not contained in his previously filed postconviction motion.

[6] In *State v. Mata*,[44] we determined that the district court abused its discretion when it overruled a postconviction motion without first granting leave to amend when such a request was pending. We explicitly recognized that "federal decisions have held that it is an abuse of discretion for the district court to dismiss a suit on the basis of the original complaint without first considering and ruling on a pending

---

[42] See 2011 Neb. Laws, L.B. 137, § 1 (codified at § 29-3001(4)).

[43] See *State v. Smith, supra* note 37. See, e.g., *State v. Muratella, supra* note 35; *State v. Jerke*, 302 Neb. 372, 923 N.W.2d 78 (2019); *State v. Mamer*, 289 Neb. 92, 853 N.W.2d 517 (2014); *State v. Gonzalez, supra* note 35. Cf., *State v. Boone*, 314 Neb. 622, 992 N.W.2d 451 (2023); *State v. Dunster*, 270 Neb. 773, 707 N.W.2d 412 (2005); *State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999).

[44] *State v. Mata*, 280 Neb. 849, 790 N.W.2d 716 (2010), *disapproved on other grounds, State v. Robertson, supra* note 40 (holding civil pleading rules do not apply to postconviction proceedings).

motion to amend."[45] A district court should first consider and rule on any pending motions to amend or supplement before determining whether a postconviction motion should be overruled without an evidentiary hearing.[46]

[7] That said, the district court did not abuse its discretion in this case. Postconviction relief is only available where a constitutional violation renders the judgment void or voidable.[47] Because Boeggeman's supplemental allegations all occurred after his judgment was entered and have no bearing on the underlying judgment, relief under the Nebraska Postconviction Act is not appropriate.

## CONCLUSION

Boeggeman's postconviction motion was filed outside of the 1-year limitation period that ran from the date his judgment of conviction became final. Accordingly, his postconviction motion was untimely, and he is not entitled to relief under the Nebraska Postconviction Act.

AFFIRMED.

---

[45] *Id.* at 855, 790 N.W.2d at 720.

[46] See, e.g., *State v. Stricklin*, 300 Neb. 794, 916 N.W.2d 413 (2018); *State v. Robertson, supra* note 40.

[47] See § 29-3001(1).